fendants offer to set off said sum of money, the value of said property as aforesaid, against the damages claimed. (3) The defendants also pleaded, "that after the making of said note to the said Stittinius & January, he, said defendant, delivered to them a large amount of land of the value of one thousand dollars, which, by agreement, was to be credited on said note; and defendant then also delivered and sold to said Stittinius & January, a note against one Rapler, of St. Louis, for over eighteen hundred and fifty dollars, which note was secured by a mortgage given by said Rapler, for and upon property of over the sum of three thousand dollars in value, which note and mortgage were agreed to be taken and applied upon said note sued on; all of which was known to the plaintiff at the time he took and accepted said note. And defendant avers, that said Stittinius & January did not credit said note as agreed as aforesaid, nor has the plaintiff given credit since the assignment; and, therefore, the said defendant now here offers to set off said sums of money upon and against the damages declared for, and sought to be recovered herein." The plaintiff demurred to the second and third pleas. The second plea does not state that the property was received in payment. If received collaterally, it is not a proper subject of off-set. The demand set up as an off-set is unliquidated, and that is an insuperable objection to the plea. The same objection applies to the third plea. It avers that the payees of the note agreed to apply the note and mortgage specified, upon the note sued on, "all of which was known to the plaintiff, at the time he took and accepted said note." But the plea does not show that one dollar has been received on the mortgage, to be applied within the language of the plea. So that if the note before us had not been assigned, the plea would not have been good against the payees. The mortgage and note were not received in payment. The allegation that the land was to be credited on the note, shows rather that the proceeds were to be credited. The plea does not show that the land was received in payment of the note. The demurrer is sustained to both pleas.

## Case No. 6,657.

### The HOME.

[18 N. B. R. 557.] [1]

District Court, E. D. Michigan. April 1, 1878.

MARITIME LIEN—BANKRUPTCY OF CHARTERER—MATERIAL MEN.

1. A charterer of a vessel, having purchased supplies of a material man upon the credit of the vessel, afterward went into bankruptcy and proposed a composition with his creditors,

[1] [Reprinted by permission.]

which was accepted. *Held*, that the lien of the material man was not thereby discharged, even though he voted in favor of accepting the composition.

2. Money furnished to a vessel is not a lien, unless it be furnished for the purpose of paying claims which would themselves be liens.

On libel in admiralty for supplies.

During the year 1875 libellant, who was a shipchandler at Port Huron, claimed to have furnished the tug "Home" supplies and money to the amount of five hundred and seventy-eight dollars and eighteen cents, upon the order of Dale & Moore, the charterers of the tug; that the articles were furnished, with the exception of four items, hereafter mentioned. That they were necessary, and were furnished upon the credit of the tug, is admitted. It was insisted, however, in defence, that, shortly after the supplies were furnished, Dale & Moore were adjudicated bankrupts in the district court for the Northern district of Illinois; that a composition with their creditors was proposed by them, and received the assent of the requisite number and amount; that the resolution of composition was signed by the libellant; that the composition was subsequently carried out, and that it operated as a discharge of the libellant's claim. It seems that libellant had claims against Dale & Moore to the amount of over five thousand dollars, but that for the bill, which is the basis of this suit, libellant, in his proof of debt, claimed expressly a lien upon the tug, and did not waive the same in fact, whatever might be considered the legal effect of his joining in the composition. The case was defended by a mortgagee of the tug, holding under the legal owners.

Atkinson & Atkinson, for libellant.
D. C. Holbrook, for claimant.

BROWN, District Judge. Under general admiralty rule 12, a person furnishing supplies to a vessel has a triple security for the payment of his claim: (1) The owner, a charterer being regarded as the owner pro hac vice; (2) the master; (3) the vessel itself. A failure to collect from either does not impair his remedy against the others. He may pursue them successively until his entire debt is paid. The Paul Boggs [Case No. 10,846]; The Highlander [Id. 6,476]; The Hariett [Id. 6,098]; Granger v. Wayne Circuit Judge, 27 Mich. 406; The Kalorama, 10 Wall. [77 U. S.] 204; Harmer v. Bell, 22 Eng. Law & Eq. 62; Toby v. Brown, 11 Ark. 308; The Bengal, Swabey, 468; The John & Mary, Id. 471; Nelson v. Couch, 15 C. B. (N. S.) 99. Had the supplies in this case been furnished upon the order of the owners, there would be reason for insisting that the claim against the owner and the lien upon his property was but a single debt, of which the lien was but an incident, and that the release of one might operate as the discharge

of the other; but there are in fact three independent though not joint debtors in this case, viz.: The charterer, the vessel, and the master, and the release of one does not impair the remedy against the others. The case does not differ from that of a debt against the maker of a note, secured by an indorsement, in which case it is now settled that the act of a creditor consenting to a composition does not discharge the surety. If a principal debtor becomes insolvent or procures a discharge in bankruptcy, clearly a surety is not released; so if the principal is discharged by his creditors, the effect upon the surety is the same, and the fact that the plaintiff assented to the composition is declared immaterial. Guild v. Butler, 122 Mass. 498; Browne v. Carr, 2 Russ. 600, 5 Moore & P. 497; Megrath v. Gray, L. R. 9 C. P. 216; Ellis v. Wilmot, L. R. 10 Exch. 10; Ex parte Jacobs, 10 Ch. App. 211. It is true that section 17 of the act of June 22, 1874 [18 Stat. 182], authorizing compositions, provides that creditors whose debts are fully secured shall not be entitled to vote upon or to sign such resolution, without first relinquishing such security for the benefit of the estate; but the word "secured" here is confined to securities which, if released, would revert to the assignee. It does not apply to personal security, or security upon property which does not belong to the bankrupts. In re Spades [Case No. 13,196]. Even if the creditor be secured by a lien upon the property of the bankrupt, he may either release such lien and unite in the composition for his whole debt, or have his security valued and come in for the difference. In re Lytle [Id. 8,650]; Paret v. Ticknor [Id. 10,711]. If there were any doubt in this case with regard to the intention of the creditor in proving his debt, it is dispelled by the language of his deposition, disclaiming any intention of waiving his lien. I think the composition here must be held only to discharge the debt of the libellant against the charterers, and to have no effect upon his security. But the two items of forty-two dollars and eighty-one cents to J. R. Butler, and of thirty-seven dollars and fifty-five cents to F. & A. Myers, must be disallowed. They are charged in the account as money furnished the vessel. But it nowhere appears whether the bills which were paid by this money were themselves liens upon the vessel. The stipulation admits that the payment of these bills was made by the libellant after the goods covered by the bills had been delivered to the tug; but it does not appear what was the nature of the bills, or whether they could have been made the basis of a proceeding in rem. There is no proof whatever regarding the two items of fifty-three dollars and twelve cents and eighty-three dollars and sixty-eight cents, which must also be disallowed. For the residue, libellant is entitled to a decree, after deducting the amount received in the composition proceeding.

## Case No. 6,658.

### HOME v. SEMPLE et al.

[3 McLean, 150.] [1]

Circuit Court, D. Indiana. May Term, 1843.

DEBT—ACTION OF—WHEN MAINTAINABLE—PARTIES.

1. An action of debt will lie where the sum is certain, and it is the duty of the defendant to pay the amount to plaintiff.

2. The action may be brought by the assignee against the acceptor of a bill; and consequently by the payee against the acceptor.

3. An indorser may bring debt against the drawer, although there may be intermediate indorsements, by striking out those indorsements.

At law.

Wright & Patterson, for plaintiff.
H. B. L. Engram, for defendants.

OPINION OF THE COURT. This is an action of debt brought by the indorsee against the drawer of a bill, there being several intermediate assignments. A general demurrer was filed. It is laid down in Hardr. 435, that debt does not lie by a payee against the acceptor of a bill for want of privity. But debt will lie wherever the common law raises a duty, and the acceptor is bound legally and morally to the payee. He accepts and thereby promises to pay to the payee of the bill the sum named. There is then a privity between them, on which, according to the doctrine in Hardress, an action of debt may be sustained. In Bishop v. Young, 2 Bos. & P. 78, it was held that debt would lie by the payee of a note against the maker, where the note was expressed to be for value received. In that case the doctrine laid down by Hardress was considered. And in Raborg v. Peyton, 2 Wheat. [15 U. S.] 385, the court says: "In general, the legal predicament of the maker of a note is like that of the acceptor of a bill. Each is liable to the payee for the payment of the note or bill in the first instance; and after indorsement, each incurs the same liabilities. And if an action of debt will lie in favor of the payee of the note against the maker, it is not easy to perceive any sound principle, upon which it ought to be denied against an acceptor of a bill. The acceptance of a bill is just as much an admission of a debt between the immediate parties, as a drawing of a note." It has been held that debt will lie in favor of a payee against the drawer, in case of non-payment by the acceptor. Hard's Case, 1 Salk. 23; Hodges v. Steward, Skin. 346; 10 Wend. 341. Upon the whole, we think the action of debt in this case is sustainable, the plaintiff striking out the intermediate indorsements, and that the demurrer must be overruled. Judgment.

HOMEA (GATTMAN v.). See Case No. 5,-271.

[1] [Reported by Hon. John McLean, Circuit Justice.]