Blanchard et al. *v.* Stone.

---

JOSEPH BLANCHARD AND ROYAL W. PEAKE *v.* GEORGE E. STONE.

When a bill in chancery is pending, and the party afterwards institutes a suit at law for the same matter which is alleged as cause of complaint in the bill, the court will not abate the suit at law ; but, *Per* BENNETT, J., the party may be compelled, by suitable proceedings instituted in the court of chancery, to elect which suit he will proceed with, and will be enjoined from prosecuting the other.

ACTION ON THE CASE for false and fraudulent representations, alledged to have been made by the defendant on the sale to the plaintiffs of a contract in writing for the conveyance of certain real estate.

The defendant pleaded in abatement, that, prior to the commencement of this action, the plaintiffs had brought a bill in chancery against him, alledging, as causes of complaint, the same matters

Blanchard et al. *v.* Stone.

which are set forth as causes of action in this suit; and that said suit in chancery was still depending in the court of chancery at the time of filing the plea in abatement in this suit.

To this plea the plaintiffs demurred generally; and the court, *pro forma*, overruled the demurrer, and rendered judgment that the writ abate. Exceptions by plaintiffs.

*C. Linsley* and *H. Seymour* for plaintiffs.

1. The decision of the court, it is conceived, was erroneous; because, although a suit in chancery were pending for the purpose of setting aside the contract, that would be no hindrance to an action at law, brought to recover the damages sustained in consequence of the fraud. The court of chancery have no power to give *damages* for a fraud; and, their action being limited by their peculiar jurisdiction, the pendency of that suit could be no bar to the one now under consideration.

2. A judgment at law does not necessarily preclude a party from trying the same question in a court of chancery, and hence it is evident that a proceeding in chancery can be no ground for abating a suit at law. *Dana* v. *Nelson et al.*, 1 *Aik.* 252. *Wright et al.* v. *Lynde*, Ib. 383. 1 Com. Dig. 115. *Bowne et al.* v. *Joy*, 9 Johns. 221. *Seers* v. *Turner*, 2 Ld. Raym. 1102. *Walsh* v. *Durkin*, 12 Johns. 99. 2 Wend. 267.

————— ————— for defendant.

The pendency of a prior suit, similar or concurrent, when a complete remedy may be obtained in that suit, is good ground for a plea in abatement to a subsequent suit between the same parties, brought for the same cause of action. Gould's Pl. 283, 284. 1 Saund. Pl. & Ev. 17. Comyn's Dig., Tit. Abatement, H. 24.

In cases of fraud chancery has a concurrent jurisdiction with courts of law; (1 Story's Eq. 194,) and will, in certain cases, award damages,—to be ascertained by reference to a master, or by directing an issue to a court of law for that purpose. 2 Story's Eq. 104,109. 1 Harrington's (Delaware) Rep. 369.

The prayer of the bill pending between these parties asks for all that any court could give; and, if the court should sustain it, they will grant all the relief and compensation to which the party is en-

titled. Their adjudication, in that case, will be final and conclusive between the parties, and will put an end to the whole controversy. 1 Story's Eq. 82. 2 Ib. 174.

The opinion of the court was delivered by

BENNETT, J. The defendant relies, in his plea in abatement, upon the fact, that the plaintiff had pending, when this suit was commenced, a suit in chancery involving the same subject matter, for which the plaintiff claims damages in this action.

This plea is novel in kind, and I am not aware of an instance to be found in any of our books, where such a plea has been interposed; yet this is not a conclusive argument that it ought not to be sustained. The general rule is,—though there may be some exceptions, as in case of a mortgagee,—that when a party is suing in chancery, he shall not be allowed to sue at law for the same cause of action; and when he attempts to proceed at law and in chancery for the same matter, at the same time, equity will compel him to make an election of the suit, in which he will proceed, and the proceedings in the other court will be stayed. If, after a bill has been filed in equity, so that the jurisdiction of that court has attached, the party institutes a suit at law for the same matter, it is treated as a contempt of the court; and it is a gross oppression to vex another with a double suit for the same cause of action. *Vaughan* v. *Welsh*, Mosel. 210. *Anon.* Ib. 304. *Mosher* v. *Read*, 2 B. and Beatt. 318. *Schoole* v. *Sall*, 1 Sch. and Lefr. 176. *Rogers* v. *Vosburgh*, 4 Johns. Ch. Rep. 84. We think the appropriate remedy is by injunction, and that a plea in abatement of the suit at law is novel, and without precedent or authority, and should not be sustained.

The judgment of the county court is reversed, and judgment rendered that the defendant answer over, and the cause is remitted to the county court to be there proceeded with.