### SMALL & *al. versus* THURLOW.

Where no time is fixed in which arbitrators are to make an award, it is to be done at *their pleasure,* unless either of the parties specially request them to make it in a reasonable time, and in case of refusal revoke the submission.

When a matter has been referred to arbitrators, and they have the power of adding another to their number, on a refusal to make an award, the matter referred cannot be withdrawn from their jurisdiction, unless they have refused to appoint the other referee, or have been requested so to do.

If an action at law is commenced on the subject matter thus pending before such referees, it can only be defeated by pleading such pendency in *abatement.*

ON REPORT from *Nisi Prius,* WELLS, J., presiding.

ASSUMPSIT, to recover the price for certain goods.

The general issue was pleaded, and a brief statement filed, that the cause of action had been submitted to arbitration by agreement of the parties under seal.

At a former term of the Court a suit was pending for the same causes of action, and also a cross action.

The parties agreed with each other under seal to submit the subject matter of the two suits and all other differences to four referees, two to be chosen by each party, and if they could not agree, or they should choose, a fifth should be by them selected, and their decision to be final. No time was fixed in which the decision was to be made.

All proceedings at law were to cease, and the actions were entered "neither party."

The four referees were appointed. They met and did

not agree, and have not appointed the fifth referee as con-templated in the submission, and refused to make an award.

The Court ruled that as the referees failed to agree under the submission, and refused to make an award, the present action might be maintained.

If this ruling was right, the defendant would be defaulted; otherwise the action to stand for trial.

*O'Donnell*, for the defendant.

*Baker*, for the plaintiff.

RICE, J. — The parties, on the 15th day of June, 1850, then having an action and cross action pending between them, agreed to refer all their difficulties at issue to the decision of four men, to be selected, two by each party, and in case the four thus selected could not agree, or should they desire to do so, they were authorized to choose a fifth referee, and the award of the four, if they should agree, or of the five, if the four should not agree, was to be final between the parties. There was no time specified in the agreement within which an award should be made.

The referees, when they met in June, did not agree, and did not select a fifth referee, as contemplated in the submission, and refused to make an award.

In this state of the case the plaintiff contends that the agreement to refer became inoperative and void, and that the parties were remitted to their original rights.

When no time is fixed within which an award is to be made, the arbitrators may take what time they please, unless either of the parties specially request them to make an award within a reasonable time, and in case of refusal, revoke the submission; for parties will not be bound by an award after such revocation. Kyd on Awards, 96.

The case finds that the four referees refused to make an award; but it does not find that they refused to appoint the fifth referee, or that they had ever been requested to do so by either party. There is no evidence, therefore, that a determination of the matters submitted, have become impracti-

cable, or that either party were in a position to revoke the submission.

The matter in suit was, so far as appears from the facts reported, pending before the arbitrators when this action was commenced. That fact does not, however, by its own force operate to divest this Court of its jurisdiction, but leaves the parties in the same situation that they would have occupied had a suit for the same cause of action been pending in some other court. It should have been pleaded in abatement.

A plea that the causes of action in the declaration have been referred to arbitrators and are still under their consideration, and that a reasonable time for making their award has not yet elapsed is bad, in bar; and if not commencing and concluding in abatement, cannot be treated as a plea in abatement. 1 Saund. Plead. 285.

The Court being of the opinion that under the existing state of the pleadings the action is maintainable, a default is to be entered, according to the agreement of the parties.

SHEPLEY, C. J., and HOWARD, HATHAWAY and CUTTING, J. J., concurred.