Fahy *v.* Brannagan.

JOHN FAHY *versus* WILLIAM S. BRANNAGAN.

The pendency of a statute submission of all demands between the parties, duly pleaded in a subsequent suit between them, founded on a cause of action included in the submission, will abate the suit.

Such a plea in abatement must not only set out the name of the referee, but allege his acceptance; and conclude with "praying judgment of the writ."

ON EXCEPTIONS.

The defendant seasonably filed the following plea :—

And now the said Brannagan comes and defends, &c., when, &c., and says that he ought not to be held to answer to the said writ and declaration of the plaintiff against him, but the said writ ought to abate, because, he says, that previous to the time of the purchase of said writ, and the plaintiff's declaring therein, to wit, on the 12th day of March, A. D. 1868, the parties signed and acknowledged an agreement before a justice of the peace, pursuant to the statutes of this State, to submit all demands between them to the determination of a referee, in which agreement the demand now sued for in said writ was included, as will appear by said agreement; that the parties to said agreement, and the said Fahy, the now plaintiff, and the said Brannagan are the same persons and not others or different; that the matters so submitted, as aforesaid, yet remain undetermined; and that the time specified for said referee to make his report has not yet elapsed; all which the said Brannagan is ready to verify. Wherefore, he prays judgment if he ought to be held to answer to the writ and declaration aforesaid, and that said writ may abate and for his costs. (Duly signed and sworn to.)   To this plea the defendant filed a general demurrer which was joined.   The presiding Judge sustained the demurrer and adjudged the plea bad; and the defendant alleged exceptions.

*J. Williamson,* for the defendant.

*A. L. Simpson*, for the plaintiff.

A plea in abatement of the pendency of prior suit must clearly show jurisdiction over the parties and the subject matter. To do this, the submission and acknowledgment should be set out. The Court could then determine whether or not, "submission is pursuant to the statute." Such matters only as "may be the subject of a personal action" can be submitted. R. S., c. 108, § 1; *Henderson* v. *Adams*, 5 Cush., 610; *Carpenter* v. *Spencer*, 2 Gray, 407; *Fowler* v. *Biglow*, 8 Mass., 1; *McNeal* v. *Bailey*, 18 Maine, 251; *Hubbell* v. *Bissell*, 13 Gray, 298. See also *Burghardt* v. *Owen*, 13 Gray, 300; *Monosiet* v. *Post*, 4 Mass.; 532; *Mansfield* v. *Doughty*, 3 Mass., 398. The plea should name the referee and allege that he consented to act as such, and should pray judgment of the writ. *Hazard* v. *Haskell*, 27 Maine, 549.

APPLETON, C. J. — The defendant pleads in abatement the pendency of a submission by these parties, under the statutes of the State, of all demands between them to a referee.

The plea of the pendency of a prior suit, between the same parties for the same cause of action, will undoubtedly, if duly pleaded, abate the suit in which it is filed. In *Smith* v. *Atlantic M. F. Ins. Co.*, 2 Foster, 21, PERLEY, J., says: — "If the prior action was pending in another Court, to furnish the means of determining the truth of the plea by inspection, the rule of pleading requires that the plea should set out the record in the prior action literally, *sub pede sigilli*." The defendant, who relies on the record or process of any court, should set out or enroll in or with his plea the record or process on which he relies. "Even if the record is in the same Court, as in case of a writ returned, he craves oyer and sets out the record. If it is the process of the Court not returnable, like the summons left with the defendant, when his goods are attached, he makes profert of the process, and enrolls it with his plea. When

he pleads the record of another Court, he brings in a copy or exemplification and enrolls it in like manner. In all these cases, the record or process enrolled becomes part of the plea. * * * The plaintiff may show, by a true enrolment of the record, that it was not correctly and exactly enrolled in the plea, and an incorrect enrolment or the omission to enroll, is cause of demurrer." *Ib.*

Now, in the present case, the plea does not set out the agreement to refer, nor the name of the referee, nor whether he has accepted the trust or not. A plea in abatement of another action pending, without giving the name and style of the Court before which it is pending, would unquestionably be bad. An agreement to refer to " a referee" without giving the name of a referee would not be within the statutes of this State. Yet, the plea sets forth just such a reference and none other. It is bad, because the submission is to a nameless referee, who can have no jurisdiction. Nobody can tell who he is, nor where to find him.

It should further appear that the referee named has accepted the trust, for he is not obliged to act unless he chooses. In suits pending before a Court of law having jurisdiction, where the previous proceedings are regular and the cause is properly in Court, the Court cannot refuse to take cognizance. The referee may decline to act. A plea in abatement of a reference to one declining to act would be bad.

The plea concludes as follows : — " Wherefore, he prays judgment, if he ought to be held to answer to the writ and declaration aforesaid, and that said writ may abate and for his costs." In *Hazard* v. *Haskell*, 27 Maine, 549, SHEPLEY, J., says, " that a plea in abatement to the writ must conclude with 'a prayer of judgment of the writ,' and the prayer that it may be quashed, without praying judgment, is bad." In *Yelverton* v. *Conant*, 18 N. H., 123, the conclusion of the plea was in the precise words of the one under consideration, and the Court held it bad because it did not

pray judgment of the writ. To the same effect is the decision in *Clark* v. *Brown*, 6 N. II., 434.

*Exceptions overruled.*

KENT, WALTON, DICKERSON, BARROWS and DANFORTII, JJ., concurred.