## STATE, WILLIAM H. KNAUS, PROSECUTOR, v. WILLIAM JENKINS.

1. The bringing of an action by a party to a submission to arbitrators, during the pendency of the arbitration proceedings, for the same subject matter involved therein, does not operate to revoke the submission.
2. Nor can the pendency of the arbitration be pleaded or invoked in abatement of the action.

On *certiorari*.

This cause was tried before the Second District Court of the city of Newark, before a jury, and a verdict was rendered in favor of plaintiff for $100.    The cause was taken to the Court of Common Pleas of Essex county, and heard upon the following state of the case :

" At the trial of the cause the defendant offered in evidence an agreement, of which a copy is hereto annexed, marked ' A,' and moved to non-suit the plaintiff on the ground that the submission of the matter in dispute, before suit brought, to arbitrators, ousted the court of its jurisdiction.    The court

rejected the evidence offered, and overruled the motion to non-suit."

The agreement marked " A " is as follows :

"NEWARK, N. J., Dec. 19th, 1876.

" We, the undersigned, hereby agree, each with the other, that we will accept and carry out the settlement of all differences existing between us, which may be determined upon by Messrs. Jacob L. Sutphen and Charles G. Campbell, whom we have chosen our arbitrators, and their settlement to be final.

"W. H. KNAUS.
"WILLIAM JENKINS."

The Court of Common Pleas set aside the verdict and granted a new trial.

This writ brings up the proceedings had before the Court of Common Pleas.

Argued at February Term, 1878, before Justices VAN SYCKEL, DIXON and REED.

For the prosecutor, *John A. Cobb.*

For the defendant, *E. A. S. Man.*

The opinion of the court was delivered by

REED, J. By the course of procedure on appeal from district courts, the Common Pleas had authority only to reverse and send back for new trial for errors of law. If no error is apparent in the exclusion of the agreement of December 19th, or in refusing the non-suit, then the judgment of the Common Pleas in granting a new trial is erroneous. The idea of the defendant below was that the pendency of the arbitration, involving the subject matter of litigation in the action, was a ground for abating the same.

The effect of bringing an action for the same subject matter submitted during the pendency of the arbitration, has not been the subject of much judicial consideration.

In *Peters' Adm'rs* v. *Craig,* 6 *Dana* (*Ky.*) 307, Chief Justice Robertson held that the bringing of the action operated of itself to revoke the submission. In *Sutton* v. *Tyrrell,* 10 *Vt.* 91, the opposite doctrine was announced. I think the latter case states the only conclusion that can be reached upon principle.

There is no doubt that a submission can be revoked at any time previous to an award.

The revocation, however, by an act of one of the parties, must be effected by an act of equal solemnity with the submission.

A submission by parol may be revoked verbally; if in writing, it must be annulled by a writing; and if under seal, by a revocation under seal. This was a written submission. There was no written revocation. Nor will the institution of the action revoke by operation of law. Those instances of revocation are where, by some act of third parties, or by some conduct of parties themselves operating by indirection or by some casualty, the completion of the proceeding becomes impossible—death or bankruptcy of one of the parties, or death of, or refusal of the arbitrators to act. Formerly the marriage of one of the parties operated to revoke.

But the institution of a suit places no impediment in the way of proceeding in the matter of arbitration, and can therefore have no legal operation as a revocation. A subsequent suit for the same subject matter, between the same parties, never abates or suspends a prior action.

We cannot, then, assent to the proposition of the counsel of the plaintiff, that the submission was a nullity at the time of its offer, by reason of its revocation by the institution of the action.

The defendant then insists that the pendency of the arbitration proceedings, at the time of suing out the writ, and at the time of the trial of the action, would have been a ground

for a plea in abatement had the action been in a common law court, and was the ground for a motion to non-suit in this statutory court.

The question then arises, would a plea that the subject matter of the action had been submitted to arbitration by the parties previous to the bringing of the suit, and was still pending, have been good in abatement?

The ground on which the rule abating a second action rests is, that the law abhors multiplicity of action, and therefore, whenever it appears of record that the plaintiff has sued out two writs against the same defendant for the same cause, the second writ shall abate; for if it were allowed, then a man would be twice arrested and twice attached for his goods for the same thing, and, by the same reason, he might suffer *ad infinitum.*  *Bac. Abr., tit.* "*Abatement,*" *M.*

But the rule that where a person puts in operation a proceeding to secure or adjust a claim against another, he is stayed from resorting to any other proceeding known to the law while the first is not discontinued, is far from being universal in its application.

For instance, it is held that an action pending in a foreign state does not operate to abate a subsequent action brought at home.  *Bowne* v. *Joy,* 9 *Johns.* 221.  That a suit in a state court will not abate a subsequent action in the federal courts.  *Wadleigh* v. *Veazie,* 3 *Sumner* 165.  Nor a suit in the latter courts abate a later suit in the state courts.  *Walsh* v. *Durkin,* 12 *Johns.* 99.  That proceedings in equity will not abate an action at law.  *Murphy* v. *Cadell,* 2 *B. & P.* 137 ; *Blanchard* v. *Stone,* 16 *Vt.* 234.  Nor the pendency of the latter abate the former.  *Peak* v. *Bull,* 8 *B. Monroe* 428.  That proceedings pending *in personam* will not abate proceedings *in rem.*  *The Kalorama,* 10 *Wall.* 206.

The instances are so numerous, that the right to concurrent remedies seems the rule rather than the exception.

Where it is clear that the first remedy is similar in character to the second, in that it affords as complete relief as the

second in all respects, then no ground for the bringing the second suit can be reasonably alleged but a design to vex.

Indeed, there is a disposition in this country to leave it as a question of fact in each case whether the bringing of the second suit was vexatious. *Downer* v. *Garland*, 21 *Vt.* 362 ; *Bell* v. *Raymond*, 18 *Conn.* 91.

This is a departure from the common law rule, for the latter has always made the deduction from the fact of the pendency of a previous action entirely a conclusion of law.

The effect of the pendency of arbitration proceedings has never been distinctly ruled upon in England, so far as I have discovered. It was the subject of indirect consideration in the case of *Harris* v. *Reynolds*, 9 *Jur.* 808. In that case there was a plea interposed, to the effect that the cause of action had been referred to arbitrators, and was still under their consideration, and that a reasonable time for making the award had not elapsed. The plea was in form a plea in bar instead of a plea in abatement. The court held that it was clearly bad as a plea in bar.

The court was not called upon to declare, and so did not declare, what its force might have been had it been pleaded in abatement.

In this case I am clear that the pendency of the proceedings to arbitrate ought not to abate the action. The proceeding is a common law submission. It can be revoked by either party at any moment. Neither party can have any assurance that the proceedings will ever terminate.

There is no power in the hands of the plaintiff to compel its execution.

It lacks all the requisites of a proceeding which either party controls, and through which he can compel complete justice to be done.

Applications to enforce specific performance of such agreements as the one under consideration, will not be entertained by courts of equity. The ground for such refusal is, that courts of equity ought not to compel a party to submit the decision of his rights to a tribunal which confessedly does

not possess full, adequate and complete means within itself to investigate the merits of the case and to administer justice. *Tobey* v. *County of Bristol*, 3 *Story* 800 ; *Morse on Arb.*, *p.* 89.

An agreement to submit to arbitration cannot be invoked to defeat an action or suit, and the reasoning of the judges as to the effect that the remedy by arbitration is an imperfect one, and the courts will not strip themselves of jurisdiction and drive the party to an inadequate proceeding. The power to compel attendance of witnesses is absent. This and the want of power to enforce the award without a final resort to the court, are reasons in addition to the uncertainty of the matter ever reaching a trial and an award, why courts of law should not dismiss actions merely because such a proceeding is pending.

Instances are conceivable where the ability to keep alive such a proceeding, and at the same time have an action at law instituted, for the same claim, may be highly beneficial. A party may be very desirous to have the matter in dispute decided by arbitration, and yet fear that before an award the statute of limitations may intervene.

The pendency of the arbitration proceedings does not stop the running of the statute of limitations. *Cowart* v. *Perrine,* 6 *C. E. Green* 101.

He may particularly desire not to revoke, and yet he may wish to put his claim in a position of security.

He institutes an action for that purpose. It is true that he can obtain security by a written waiver of the statute, or an acknowledgment of the debt. But the other party may refuse to do this.

His only course, if the doctrine is held that he cannot institute an action, is to revoke the submission. If he does so, he not only loses his right to have the matters adjusted by arbitration, which, for some reason, he may desire, but renders himself liable for a breach of his agreement to submit. *Haggart* v. *Morgan*, 5 *N. Y.* 422.

The rule is really in discouragement of arbitrations.

The rule has no foundation in principle, nor, so far as I

have examined, the authority of judicial opinion beyond an implication.

The cases cited by the Chancellor incidentally, in *Perrine v. Cowart*, upon the point that the submission in that case would suspend the suit in equity, were cases where a contract contained a provision that a finding by certain arbitrators of amount of loss, should be a condition precedent to a right of action for the amount so found, which involves an entirely different question. The Chancellor did not decide or intend to decide that the pendency of such an arbitration suspended the right to sue.

The case of *Small* v. *Thurlow*, 37 *Maine* 504, was a question of pleading, and the court held that under the pleadings the action was maintainable.

In *Fahy* v. *Brannagan*, 56 *Maine* 42, a plea setting up pendency of arbitration was overruled on account of insufficiency as a plea in abatement in matters of recital. The court was not called upon in either case to decide that the plea, if sufficiently framed, was a good plea in abatement.

On the other hand, the doctrine that the pendency of proceedings in arbitration does not abate a subsequently instituted action for the same cause, has the authority of the Supreme Court of New York, in a well considered case directly involving the question in this case. *Smith* v. *Compton*, 20 *Barb.* 262.

Nor is any trouble to be apprehended from the simultaneous pendency of the two proceedings.

If there is an award before judgment, the action at law can be defeated by pleading the award *puis darrein continuance*. *Storey* v. *Bloxam*, 2 *Esp.* 504; *Lowes* v. *Kermode*, 8 *Taunt.* 146.

And probably a judgment in the action would extinguish the subject matter of investigation so as to necessarily annul the proceedings in arbitration. The power of the courts of law and equity to control the proceedings so that double satisfaction shall not be made, affords ample security that injustice will not result. I think the pendency of the arbitration

proceedings did not deprive the parties of the right to bring, or the right of the court to hear the cause below. The over-ruling of the agreement to submit, and the refusal to non-suit, on the ground upon which the agreement was offered, and the motion to non-suit was urged, was correct.

The proceedings of the Court of Common Pleas are re-versed, with costs.