HORACE E. BUCK, executor, *vs.* MARY F. RICH.

Penobscot. Opinion December 7, 1886.

*Executors and administrators. Evidence. Deposition. When an executor
is a nominal party. Contract. Trover.*

The deposition of a defendant is not admissible where the plaintiff is an
executor.

An executor can be shown to be a nominal party by the probate records
only, in an action of trover by him to recover the value of certain personal
property belonging to the estate.

Testimony may be excluded as immaterial when its sole office is to strengthen
or give credit to other testimony, such other testimony being legally
inadmissible.

An agreement acknowledging the possession of personal property claimed
by another and promising to "keep said property free of expense" to the
other, "and to deliver to him on demand such . . . as I admit to be"
his property, and to keep the balance "until such time as the question of
title is settled," will not prevent such other person from maintaining
trover for the same after demand and refusal.

ON EXCEPTIONS.

Trover for the wrongful conversion of certain articles of
furniture, clothing and jewelry, alleged to have been the property
of the deceased, Susan H. Buck. The plaintiff was the husband
of the deceased, and executor of her will; the defendant was the
mother of the deceased.

The defendant admitted that the property was at one time the
property of the deceased, and also admitted a demand and
refusal; but claimed that the deceased gave the same to her (the
defendant) after her will was made.

The following is the agreement of October 11, 1882, referred
to in the opinion.

"Bangor, Oct. 11, 1882.

"I hereby acknowledge that I have in my possession the
following described personal property claimed by Horace E.
Buck, as administrator of the estate of Susan H. Buck, late of
Bangor, deceased.

(Here follows a list of articles sued for.)

"The above property has been in my posession since the

decease of Mrs. Buck, and there being some questions as to the title of a part or whole of it, (I claiming a portion of it as mine) I hereby agree to keep said property free from expense to said Buck, and to deliver to him on demand such of the above described property as I admit to be the property of the estate, and that the balance I will keep until such time as the question of title is settled, and then I will deliver to him on demand such articles as are found to be the property of the estate. It being distinctly understood that by this instrument I waive no right whatever, but reserve all title to any of the above described property which I now possess.                                    Mary F. Rich."

*Barker, Vose and Barker,* for the plaintiff, cited: R. S., c. 82, § 98; *Brooks* v. *Goss,* 61 Maine, 307; *Drew* v. *Roberts,* 48 Maine, 35; *Brown* v. *Haynes,* 52 Maine, 578; *White* v. *Brown,* 67 Maine, 196; *Wing* v. *Andrews,* 59 Maine, 506; *Neal* v. *Hanson,* 60 Maine, 84; *Crocker* v. *Gullifer,* 44 Maine, 491; *Dickey* v. *Franklin Bank,* 32 Maine, 572; Cooley on Torts, 450.

*A. W. Paine,* for defendant.

"Nominal" is the opposite or reverse of real, and is the proper designation of a person having no actual interest as such in the matter at issue. As applied at law, it describes a person whose name alone is used for the benefit of another, in whom the actual right is vested. The very derivation of the term from its latin, "*Nomen,*" of course shows this. It is only in his representative character that he is to be "nominal," for such is the express language of the statute. If he is using the executor character for his own private purpose alone, he is in the same condition as any other person would be who borrowed his official authority to enforce a claim which was incurred in the name of the testator and had by him been assigned, or one to whom a non-negotiable chose in action had been sold by the executor. 71 Maine, 72; 12 Allen, 133; see *Farnum* v. *Virgin,* 52 Maine, 576; *Drew* v. *Roberts,* 48 Maine, 35.

In *Wing* v. *Andrews,* 59 Maine, 504, an altogether different statement of facts appeared, making necessary the exclusion under

the state of facts existing. For other cases see *Nash* v. *Reed*, 46 Maine, 168 ; *Millay* v. *Wiley*, 46 Maine, 230 ; *Wentworth* v. *Wentworth*, 71 Maine, 72 ; *Rawson* v. *Knight*, 73 Maine, 340 ; *Kelton* v. *Hill*, 59 Maine, 261 ; *Buck* v. *Spofford*, 31 Maine, 36 ; *Ela* v. *Edwards*, 97 Mass. 318 ; *Brooks* v. *Tarbell*, 103 Mass. 496.

Under the conditions presented by the offered testimony, in connection with the express terms of the will, the plaintiff, as husband of testatrix, is made devisee of her whole estate. All her real estate, for she had none except that in Bucksport, as per inventory, was devised to him specially. All her personal estate, to the extent of five thousand dollars, is also given to him. And by the evidence offered there were no debts. Funeral charges are his to pay anyhow. *Staples' appeal*, 52 Conn. Am. Law Reg. January, 1886, p. 77.

When the executor or administrator is one with the heir or devisee, as in the case here, he would in such case hold the property in trust for his own benefit. In his personal character the legal title is in him, and in his probate or representative character he is trustee. He is thus trustee and *cestui* combined, in which case the two merge and he is the legal owner. The doctrine of merger is very common and well sustained by authority. 1 Perry on Trusts, § 347 ; Hill on Trustees, 252 ; *Hopkinson* v. *Dumas*, 42 N. H. 306.

Lord MANSFIELD said, "The moment both meet in the same person there is the end of trust." Doug. 778 ; *Gardner* v. *Astor*, 3 John. Ch. 53 ; *Starr* v. *Ellis*, 6 Johns. Ch. 393 ; Hilliard on R. P. c. 24, § 27 ; 2 Washburn, R. P. 203 ; see further *Earle* v. *Washburn*, 7 Allen, 95 ; *Carter* v. *Bank*, 71 Maine, 448 ; 2 Jar. on Wills, (5 Am. ed.) 406, 435–6, 449, 617, 372–4 ; *Eldridge* v. *Eldridge*, 9 Cush. 516–19 ; Dicey on Parties, 234, (216) ; *Barrett* v. *Barrett*, 8 Green. 346.

Until the preliminary steps had been taken by the plaintiff to obtain the defendant's option, or the settlement of the dispute, no wrong is done, no tortious act performed, which will authorize

any action of tort, trover or trespass, for until then she is protected by her agreement.

In the case of *Small* v. *Thurlow*, 37 Maine, 504, the same kind of a case was presented and the court held, of course, that no action would lie until these preliminary steps had been taken.

In a recent case reported in the Law Register for January, 1886, brought on a contract to purchase and pay for a certain piece of machinery which the plaintiff then put into defendant's mill, "warranted satisfactory in every respect" to the defendant, a very elaborate discussion of this whole subject by court and editor, is entered into. The question of "satisfactory" or not, was, by the agreement, to be settled by the defendant. Plaintiff claimed that if it was of a character which was reasonably good and "ought to be satisfactory," that was enough, and plaintiff might recover, and so thought the court at *nisi*. The full court, however, decided otherwise, and made necessary the proof that it was actually satisfactory to the party, however unreasonable he might be, for by the contract he alone was to decide that question. *McCarren* v. *McNulty*, 7 Gray, 139; *Brown* v. *Foster*, 113 Mass. 136; *Zaleski* v. *Clark*, 44 Conn. 218; *Man'f'g Co.* v. *Brush*, 43 Vt. 528.

The suit should have been in assumpsit instead of trover, on the contract, and not that until all the conditions of the contract had been complied with. *Bicknell* v. *Hill*, 33 Maine, 297.

The exact case in principle with this at bar is *Briggs Iron Co.* v. *N. A. Iron Co.* 12 Cush. 114, where A took iron ore from B's land, the title of which was in dispute; A gave bond to B to pay for the said ore if finally decided to be B's property. B, after the title was decided in his favor, sued A in trover for the ore and the court held the suit not maintainable, as the right of action to recover for the ore was on the bond.

Until the terms of the agreement were complied with and while the agreement was in force, it operated to give defendant a right to possession, and during such possession trover would not lie. Such was the case of *Fairbank* v. *Phelps*, 22 Pick. 535, which is very like the case at bar. The same principle is supported by Greenleaf in 2 Green. Ev. § 640. 1 Add. on

Torts, last ed. § 647, p. 483 ; *Bassett* v. *Bassett*, 112 Mass. 99 ; *Winship* v. *Neale*, 10 Gray, 382 ; *Barnes* v. *Taylor*, 29 Maine, 514.

DANFORTH, J. This is an action of trover to recover the value of certain personal property claimed to have been owned by the plaintiff's testatrix at the time of her death. The admissions by the defendant make out a *prima facie* case for the plaintiff; but the defence is a gift of the property after the execution of the will.

The case is before us upon exceptions to certain rulings of justice presiding at the trial.

To prove the alleged gift, the deposition of the defendant was offered. This was objected to and was excluded. The defendant not denying the correctness of this ruling under the general provisions of R. S., c. 82, § 38, claims that the deposition is admissible by reason of the third exception under that section, on the ground that the plaintiff, as executor, as representative of the estate, is a nominal party only. To show this, the will and inventory, which are in the case are relied upon, and testimony was offered to prove, that at the decease of the testatrix, she was entirely free from debt, and that no liability existed against her estate at any time ; that she was buried under the direction of her husband, the plaintiff, and that the monument provided for in the will had already been erected without any expense to the plaintiff or the estate. This testimony, on objection, was excluded and the deposition still refused admission.

The kind of testimony offered does not appear, but whatever it was, it was incompetent. It was clearly not the probate court records, and that is the only evidence provided by law as competent to prove the settlement of an estate, especially the outstanding debts. Who is to be the judge as to the existence of debts? If any are claimed, an issue may be involved, in which the parties interested are entitled to be heard, and in this very case, there are legatees who would be entitled to a hearing upon whatever account the executor might render.

Nor would the testimony be sufficient if received. The inventory is far from being conclusive as to the amount of property belonging to the estate, and upon this, too, the legatees would have a right to be heard before the probate court. Then the will, which is relied upon as the foundation of the defendant's claim, does not give this specific property to the plaintiff. The legacy is not a specific, but a general one of a given sum of money. The plaintiff was not therefore, by virtue of the will, or when coupled with the fact that his legacy was more in amount than its value, the owner of this particular property. A portion or all of it might be needed to pay the expenses of administration. The law requires that he should account for it to the probate court. True, he is interested personally and may, either as expenses of administration, or by virtue of his legacy, in the end, receive the whole. He may possibly violate the law and appropriate it without a settlement of the estate and find no one sufficiently interested to call him to account. But this would not change the law or the fact that in the management of this property, he is acting for, and is the representative of the estate. It may be that he might have maintained this action in his own name, but if so, it would be by virtue of his special title as executor, and not as general owner, and even then he would be under a legal obligation to render an account for the proceeds. He would hold such proceeds under the same trust as the property itself. He is not, therefore, a nominal party within the meaning of the law. *Wing* v. *Andrews*, 59 Maine, 508 ; *Brooks* v. *Goss*, 61 Maine, 314.

The testimony offered to prove the manner in which the defendant and the testatrix and her husband had lived, and the situation of the property in question, might have been admissible as tending to give credit to the defendant's deposition or other testimony, tending to prove the alleged gift, if any such had been in the case ; but as the deposition was properly excluded and there was no such other testimony in the case, this also was properly excluded. It was not competent for the jury to consider, as bearing directly upon the gift, and certainly it would not authorize a verdict for defendant.

The defendant put in the written instrument of October 11, 1882, and claimed that, by itself alone or as supported by the evidence offered, it was a defence to this action.

This defence rests upon two grounds. First that the action was prematurely commenced, and second, if any action could be maintained, it should be in *assumpsit* and not *trover*.

The first point is attempted to be sustained by an alleged agreement in the writing, that the property, except such as the defendant should acknowledge belonged to the estate, should remain in her possession until the title should be settled, and then, and not until then, is there any promise on her part, to deliver the property and only such as shall be found to belong to the estate. The claim is that the title to the property is to be settled as a condition precedent to any action for it or its value. If this is a condition binding upon the plaintiff to be performed by him, however unreasonable it might be, the argument of counsel and the authorities cited by him, would be entitled to grave consideration, perhaps decisive of the case.

But if this part of the writing is to have the force of a contract, it is still not a condition to be performed by the plaintiff alone. The obligation at best, is mutual, resting equally upon both parties. It can hardly be supposed that one party can settle a disputed title. Still if it is a binding contract it would preclude this or any other action for the purpose of settling the title. That must be done in some other way, what way is not provided for, but as it cannot be by litigation, it must be by mutual agreement or arbitration, which involves a mutual agreement. Giving then this writing the force contended for, it has the effect not only to oust the court of its jurisdiction, but is a contract which either party may obey or disobey at his election. In fact no contract at all, as has been many times decided by different courts, upon which the decisions have been uniform. *Robinson* v. *Ins. Co.* 17 Maine, 131; *Hill* v. *More,* 40 Maine, 515; *Stevenson* v. *Ins. Co.* 54 Maine, 55; 2 Parsons on Contracts, 707, and cases cited.

But if valid, the defendant could avail herself of it in defence only by plea in abatement, as in *Small* v. *Thurlow*, 37 Maine,

504.   By setting up title in herself she must be considered to have waived it.

We think, however, that by a proper construction of the writing, even by its terms, no obligation whatever is imposed upon the plaintiff.   It appears from it, that the property in question was in the possession of the defendant when it was made and had been so from the death of the testatrix.   It does not appear to have been taken at the plaintiff's request, or kept for his benefit.   There was no consideration received by him, no benefit accruing to him from the transaction.   On the other hand, the defendant was not . only in possession, but claiming a portion of the property as her own ; what portion does not appear, but from the previous statement, that there was " some question as to the title of a part or the whole of it," we may well understand that the defendant herself, did not then know what portion she would eventually claim.   In this condition of things, the defendant gave the writing which she now puts in evidence, agreeing to keep the property free of expense to the plaintiff, and to deliver on demand such of it as she *admits* to be the property of the estate, and so much of the balance, on demand, after the question of title is settled, as is found to be the property of the estate.   It does not appear that any third person has ever made any claim to any part of this property.   Furthermore, in the closing sentence, it is provided that, by the instrument, she waives no right whatever, but reserves all title to any of the property which she then possessed.

Thus it seems to be clear that the writing shows a mere indulgence, on the part of the plaintiff, to enable the defendant to satisfy herself as to her own title.   She assumes the burden, she desires time to make clear that which was then dark.   She has had her time.   She has satisfied herself, for although she then at least had a doubt about a part, she now unhesitatingly claims the whole and puts her defence upon that ground.   In her mind, so far as we can judge from the developments of the case "the title was settled" before the commencement of the action, and the title she insists upon, had its origin before the

writing was made, and thus comes within its concluding clause
— not to be waived. These views settle the question of
conversion. The plaintiff has made out a title and the right to
immediate possession. This, with the demand and refusal,
especially with the claim of title by the defendant, is amply
sufficient.

This, too, disposes of the claim that the action should have
been upon the written instrument; whatever may be the force of
that, it neither changes, nor purports to change the title to the
property, or the right to the possession, under the title. The
two must go together.

> *Exceptions overruled. Judgment*
> *on the verdict.*

PETERS, C. J., WALTON, EMERY, FOSTER and HASKELL,
JJ., concurred.