CARBOLINEUM WOOD PRESERVING & MANUFACTURING CO.
*v.* EDWARD MEYER.

1. PLEADING. *Practice. Two suits for same demand.*

In assumpsit on a purely legal demand, a plea in abatement setting up the pendency of a suit thereon in equity is bad, unless the plaintiff's remedy is alleged to be as complete and effectual in equity as at law.

2. CONSTITUTIONAL LAW. *Constitution of 1890, sec. 147. Jurisdiction.*

While the supreme court cannot, under the inhibition expressed in sec. 147, constitution of 1890, reverse a decree of the chancery court

because the case is one of common law jurisdiction, the chancery court can decline to entertain such a cause.

3. PRACTICE.  *Instructions.*

On a *quantum meruit* for services rendered, it is not technically correct to charge the jury, on the predicate of the rendition and acceptance of the services, to find for the plaintiff in "such sum as they think proper" instead of "such sum as the evidence may show the plaintiff is entitled to recover," but the error is not sufficient ground for reversal when it does not appear that the jury were misled.

FROM the circuit court of Harrison county.

HON. T. A. WOOD, Judge.

The opinion of the court sufficiently states the case.

*T. M. Miller*, for appellant.

1. The court erred in overruling defendant's demurrer to plaintiff's replication. The writ of attachment was the basis of the suit and should have been abated. The replication of plaintiff admitted the pendency, in the chancery court, of a suit for the identical demand against this nonresident corporation, and there can be no question but that the chancery court had ample power and jurisdiction to adjudicate on the merits of the claim. The defendant, therefore, had the right to repel, by its plea, the attempt to vex and harass it with two suits at the same time for the same cause of action. This statement of the law is believed to be axiomatic and fundamental. All authorities support it. None deny it. The suit pending in the chancery court entitled the plaintiff to the writ of attachment in aid of it as a mere conservatory process. Now, the force of the plea in abatement was not denied, but it was attempted to escape it by alleging that other matters were alleged in the bill in the chancery court which alone gave that court jurisdiction of the claim. Thus stating a mere conclusion in the mind of the pleader and not a single fact upon which to rest it. Facts and not arguments are required according to the universal

rule of pleading, so that the court can judge of their sufficiency when stated. The result is the admission stands that a former suit was pending and still at issue in another court for the same demand. The suggestion that this suit was merely one *in rem.*, the defendant being found in the county and served with process, can have no weight. *Payne* v. *Harold*, 40 Miss., 498; *James* v. *Dowell*, Smed. & M., 333; *Wharton* v. *Conger*, 9 Smed. & M., 510.

2. If mistaken in our understanding of the law, that two suits cannot be maintained at the same time on the same cause of action, and that on a plea in abatement of the writ in second suit it will be quashed in that state of the case, still the judgment of the lower court must be reversed and a new trial awarded, because of the error in granting plaintiff's first instruction and refusing a new trial on the ground of such error.

It will be observed that the issue between the parties was solely whether or not the plaintiff voluntarily rendered service as a manager of the defendant's mill with the understanding and agreement that he was to have only such compensation as would result to him from transporting lumber on his schooner and as a stockholder of the defendant corporation, or whether he rendered the service and the same was accepted without any agreement. In the former case, and as the instructions charged, he was entitled to nothing. Whereas in the latter he was entitled on a *quantum meruit* to recover for the value of his service. In such state of case and in view of the testimony no misleading instructions should have been granted. The testimony showed that the plaintiff was entitled to one hundred dollars per month or nothing. In other words, to the full amount sued for or nothing under that item.

In view of the state of the evidence the defendant would not have been prejudiced if the court had told the jury to find the full amount if they believed that the service had been rendered with no understanding that the same should be without compensation. But the jury appear to have been in a compromise

frame of mind and were tempted and misled into a compromise verdict upon being told by the court, substantially, that if they believed the services were not voluntary they might allow such a sum as they thought proper, instead of being charged that in such case they should allow such sum as the evidence showed the plaintiff was entitled to have.

TERRAL, J., delivered the opinion of the court.

The appellee brought suit by attachment against the appellant for three and one-third months' services as manager of a saw mill at $100 per month ($320), and for money paid to the defendant's use at its request, being $183.48, aggregating $503.48. The only amount in dispute was the $320 for three and one-third months' services or wages. The writ was levied upon certain property of the defendant, which was bonded by it. The suit was in assumpsit for a purely and technically legal cause of action. The appellee pleaded a pending suit in the chancery court of the same county for the same identical cause of action. The plea in abatement alleges that the chancery court had jurisdiction of the case, but the allegations of the plea do not allege such a state of facts as would give the chancery court jurisdiction of the case. It is true that under section 147 of the state constitution, if the chancery court had assumed jurisdiction and had made a decree in the case, it would not have been reversed merely because the cause of action was not of equitable jurisdiction, but the chancellor, of his own motion, could have dismissed the suit, and the plaintiff would have been without remedy. A plea in abatement is looked upon with disfavor, and the failure of the pleader to allege that the remedy in the suit pending in the chancery court was as ample and efficient as the suit in the circuit court rendered the plea ill. In the suit in the circuit court the plaintiff had a lien on the property seized out of which to collect any debt recovered by him against the defendant, and it does not appear by the plea in abatement that this remedy in the chan-

cery court would have been as effective. The plea, we think, was bad. *Block* v. *Lackey*, 2 B. Mon., 257; *Hatch* v. *Spofford*, 22 Conn., 485; *Blanchard* v. *Stone*, 16 Vt., 234; *Griswold* v. *Bacheller*, 77 Fed. Rep., 857; Story's Eq. Prac., sec. 742.

An instruction for the plaintiff declared "that if the plaintiff performed the services mentioned in the account sued on and the defendant accepted said services, the jury can find for the plaintiff such an amount for said services *as they think proper*, unless they believe he was to receive no compensation therefor." The words italicised are claimed to be error, and for them should have been substituted the words "such sum as the evidence showed the plaintiff was entitled to recover." The instruction was perhaps not technically correct, but the jury were hardly misled by its want of technical accuracy. They doubtless understood that their decision should be made so as to effect the understanding of the parties to the contract —that is, to find according to right and justice, and not according to their personal wishes or ideas of propriety.

*Affirmed.*