## GRENADA BANK *v.* BOURKE ET AL.

[70 South. 449.]

1. ABATEMENT AND REVIVAL.  *Other action pending.  Dismissal.  Effect.  Plea.*

    While at the common law the rule was to sustain a plea in abatement of another suit pending, if it was true at the time the plea. was filed, but the tendency of the later cases and a preponderance of authorities sustain the doctine, that it is a good answer to the plea of pendency of a prior action for the same cause, that the former suit has been discontinued, whether the discontinuance be before or after the filing of the plea.  Under this doctrine the plea will be overruled, unless the prior suit is. pending at the time of the trial of the second.

2. ABATEMENT AND REVIVAL.  *Plea.*

    Pleas in abatement on the ground of the pendency of another suit. for the same cause of action are not favored by our courts.

APPEAL from the circuit court of Grenada county.

HON. J. A. TEAT, Judge.

Suit by the Grenada Bank against W. E. Bourke and others.  From a judgment sustaining a demurrer to its. replication to defendants plea in abatement, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Roane & Roane,* for appellant.

We submit that this action of the court in sustaining. appellee's demurrer and dismissing appellant's case was. clearly erroneous, for the following reasons:  1st: Because in the two suits in the circuit and chancery courts. there was no identity of causes of action; 2nd: Because there was no identity in persons and parties to the actions, either parties plaintiff or defendant; 3rd: Because there was no identity of subject-matter in the two suits;  4th: Because all of the joint makers of the note

sued upon by appellant in the circuit court were not par-
ties to the chancery proceeding, either as complainants
or defendants; 5th: Because neither the firm of Caffey
& Horton, nor P. A. Horton an individual member of said
firm, were parties to the bill of complaint filed in the
chancery court, and the said firm of Caffey & Horton
were joint makers of the note sued upon by appellant;
6th: Because appellant was entitled to his remedy a-
gainst each and every joint maker of the note, and the
action of the lower court, in sustaining the demurrer
and dismissing the suit, deprived appellant of this
right; 7th: Because in the chancery proceeding ap-
pellant could not, in any phase of the case, have ob-
tained the relief to which it was entitled. Relief was
not obtainable even by cross-bill; 8th: Because the chan-
cery court, in the decree rendered therein, dismissed the
bill of complaint as to appellant and refused to order
the cancellation or surrender of the note sued upon in
this case; 9th: Because in the chancery court no decree
could have been entered against either the firm of Caffey
& Horton or against P. A. Horton, an individual mem-
ber of the firm; 10th: Because at the time of the hearing
of the demurrer by the lower court no action of any kind
whatsoever was pending in the chancery court. The de-
cree of said court had been rendered dismissing the bill
of complaint as to appellant herein, as to the note sued
upon in this cause; 11th: Because appellant had a right
to pursue its remedy in a court of law upon the note held
by it, after default in the payment thereof; 12th: Because,
if the action of the lower court is sustained and appel-
lant's case is dismissed, appellant will be without rem-
edy, either at law or equity, to collect this note, which the
chancery court, in its decree, has said should not be can-
celled or surrendered to complainant, Boushe, one of the
joint makers there, thus deciding that the Grenada Bank,
appellant herein, was the rightful and legal holder and
owner of said note sued upon in this cause.

We submit that before a plea in abatement, setting up a former suit pending, will be sustained, it must be shown that the suits were, 1st: Between the same parties; 2nd: For the same subject matter; 3rd: Seeking the same kind of relief. A plea in abatement and a plea of *"res adjudicata"* are on all fours, and our court has held in the case of *Creegan* v. *Hymean,* 46 So. 952, speaking through Chief Justice WHITFIELD, as follows: Before the plea of *res adjudicata* can prevail four things must be shown: 1st; identity in the thing sued for; 2nd: Identity in the cause of action; 3rd; identity of persons and parties to the action; and 4th; identity of the quality of the person for or against whom the claim is made." (Citing in above case 24 Am. & Eng. Ency Law, 778).

None of the essentials set forth by this court above are present in this case. 5 Ohio C. C. 69; 1 Am. Digest (Cent. Ed.), p. 60; 41 Cal. 61; 1. Am. Digest (Cent. Ed.), p. 59; 71 Miss. 767, 15 So. 107; 5 Tex. 127, 20 Conn. 510; 1 Am. Digest (Am. Ed.) 103; *Bank* v. *Leonard,* 20 How. Prac. 193; 27 Miss. 461; 67 Miss. 183; 83 Miss. 37; 65 Miss. 498, 58 Miss. 266; 34 Md. 249; 27 Miss. 466 (Quoting Story Equity Pl., 740-741); 22 Fed. Rep. 710, 64 Ala. 330; 23 Iowa 100, 92 Am. Rep. 413; 17 Ala. 430; 65 Miss. 499; 1 Am. Digest. (Decennial Ed.), 15; 58 Miss. 806, 67 Miss. 183; 83 Miss. 37, 58 Miss. 806; 83 Miss. 37; 29 Miss. 41; 33 Miss. 141, 5 8Miss. 266; 3 How. Prac. 414, 17 How. Prac. 69; 10 N. Y. 500, La. An. 26; 70 N. W. 428; Code 1906, sec. 3935; 62 Miss. 350; 58 Miss. 398; *Wright* v. *Frank,* 61 Miss. 32; 45 Miss. 627, 60 Miss. 32; 82 Am. St. Rep. 586; 74 Tex. 522, 75 Iowa 537; 13 Hun. 33; 77 N. Y. 164, 83 Cal. 270; 17 Am. St. Rep. 248, 74 Tex. 522; 12 S. W. 216, 49 Iowa 183; 71 Iowa 306, 75 Iowa 533, 45 Minn. 102; 47 N. W. 462; 77 N. Y. 164; 65 L. R. A. 673, 115 Cal. 180; 45 Mo. 294; 44 Miss. 235, 67 Miss. 498; 45 Mo. 294; 4 La. Ann. 520, 8 La. Ann. 15; 1 Am. Digest p. 59; 39 Miss. 218, 77 Miss. 714; 78 Miss. 259, 79 Miss. 445-459; 90 Miss. 127; 1 Ency. Pl. & Pr. 761-762-763; 55 Miss. 145, 73 Miss. 665, 71 Miss. 614.

If the action of the lower court is sustained in this. case then we are confronted with the rather remarkable condition of an undisputed right without a remedy; appellant with the possession of the note sued on herein,. but denied a remedy to enforce his acknowledged right. We submit that the assignment of error herein is well taken, and that the lower court's action in sustaining the demurrer and dismissing appellant's suit should be reversed.

*Dinkins & Caldwell,* for appellant.

As to whether the plea in abatement setting up the pendency of another action was good depends upon the *status* of the cases at the time of the trial of the second cause. If there had been a discontinuance or dismissal of the first suit at the time of the trial of the second suit,. then the plea is not good.

"While at the common law the rule was to sustain a. plea in abatement of another suit pending if it was true at the time the plea was filed, but the tendency of the later cases and a preponderance of authorities sustain the doctrine that it is a good answer to the plea of pendency of a prior action for the same cause that the former suit. has been discontinued, whether discontinuance be before or after the filing of the plea. Under this doctrine the plea will be overruled unless the prior suit is pending at the time of the trial of the second." 1 Cyc., 25 and. Note.

"The modern tendency is to regard the objection as removed if the dismissal or termination occurs after the plea is filed. And it has been held that dismissal at any time before the hearing on the plea, or even at the trial of the second action is not too late." 1 Standard Proc.,. 1011.

"When the pendency of another suit is set up to defeat an action, the case must be the same. There must. be the same parties, or, at least, such as represent the

same interest, there must be the same rights asserted and the same relief prayed for. This must be founded on the same facts, and the title, or essential basis of the relief sought must be the same. The identity in these particulars should be such that if the pending case had already been disposed of, it could be pleaded in bar as a former adjudication of the same matter before the same parties." *Watson* v. *Jones,* 13 Wall. 679; 20 L. Ed. 671; *Barrows* v. *Kindred,* 4 Wall. 299; 18 L. Ed., 383; 1 Cyc. 28; *Kaplan* v. *Coleman,* 60 So. 886.

It is not true that a court, having obtained jurisdiction of the subject-matter of suit and of parties before it, thereby excludes all other courts from the right to adjudicate upon other matters having a very close connection with those before the first court, and in some instance requiring the decision of the same question exactly. In examining into the exclusive character of the jurisdiction in such cases, we must have regard to the nature of the remedies, the character of the relief sought, and the identity of the parties in the different suits. A party having notes secured by a mortgage on real estate, may, unless restrained by a statute, sue in the court of chancery to foreclose his mortgage and in a court of law to recover a judgment on his note, and in another court of law in an action of ejectment for the possession of the land. Here, in all of the suits, the only question at issue may be the existence of the debt secured by the mortgage. But as the relief sought is different and the mode of procedure is different, the jurisdiction of neither court is affected by the proceedings in the other." *Buck* v. *Colbath,* 3 Wall. 334, 18 L. Ed. 257.

In order that the pendency of one suit may be set up to defeat another the cases must be the same, with the same parties, the same rights asserted, the same relief demanded, founded on the same facts and the bases of relief the same. *U. S.* v. *The Haytian Republic,* 154 U. S. 124; 38 L. Ed. 932; 1 Cyc. 27.

The demurrer is based on the old common-law idea that if it was true at the time the plea was filed that another action was pending that the replication is not good. The leading authority for this contention is the case of *Frogg* v. *Long,* 28 Am. Dec. 69, which is the decision of the Kentucky court which also holds that the pendency of a case in the federal court is a bar and can be pleaded in abatement to an action in the state court, which holding is contrary to the great weight of authority, as is shown in note to *Wilson* v. *Milliken,* 82 A. S. R. 587. *The Frogg case* is cited in *Dozier* v. *Williams,* 47 Miss. 605, as authority, but as that was a case for a statutory penalty the court held that the one who first filed suit should have the preference and the citation of this *Frogg case,* we do not think, was intended to approve everything decided therein.

In the case of *Coaldale B. & T. Co.* v. *So. Const. Co.,* 19 So. 45, the court of Alabama at first took the same view as in the *Frogg case,* but on a rehearing the court reversed its former holding and said: "That the decided weight of modern current authority favors the view that the dismissal of a former action before the interposition of the plea in abatement of the new suit removes the cause of the abatement."

In *Moore* v. *Hopkins,* 17 Am. St. Rep. 248, it is said that a judgment of dismissal of a former action, entered after the trial of a second action has commenced, but before its conclusion, is a sufficient answer to a plea in abatement of the second action. This holding is by the supreme court of California but we think it is the law in this state.

*Wm. C. McLean,* for appellees.

A careful reading of the authorities relied upon by appellant will disclose and demonstrate the proposition that in order for a plea in abatement to be good it is not necessary for the same, identical parties to be in-

volved in the litigation, but if the suit is substantially be-
tween the same parties, and if the subject-matter of the
suit is the same, then the plea is good.  The final analy-
sis of all the cases cited by appellant, leads to this just con-
clusion.  The principle is that a party shall not be sub-
jected to two suits over the same cause of action; the sec-
ond action is vexatious and oppressive—and this the
law will not permit.  We impress upon the court that the
question presented in the two suits is identically the same;
the very same question that was presented in the chan-
cery suit brought by Boushe against the Bank is, and
was, the very same question presented in the action
brought at law.  What was that question?  Boushe al-
leged in his bill of complaint wherein the Bank was made
a party, that the note held by the Bank was given to
the Bank, not as a settlement of his indebtedness to
Windham & Miers, but was given pending a settlement,
with the distinct understanding and agreement among
all of the parties, including the Bank, that whenever a
settlement should be had between him and Windham &
Miers, only such an amount was to be paid upon the note
as was found to be due Windham & Miers; and the bill
further charged that nothing was due by complainant to
Windham & Miers, and that consequently, the note was
void, and the bill prayed that the note be cancelled and
surrendered.  The defendant Bank did not pretend that
this bill was not a good bill, but, upon the other hand, an-
swered the bill, and took issue thereon, and while this is-
sue was pending the Bank instituted this suit at law
upon the note; the chancery court went into an investi-
gation of the accounts between Boushe and Windham &
Miers, and found that Boushe was entitled to a credit
upon the note, and so decreed.  Now, we put this ques-
tion: "If the chancery court had found as a fact that
Boushe owed Windham & Miers nothing at the date of
the execution of the note, then the decree would have been
that the note be cancelled and surrendered."  Now, if
such a finding had been made, it is manifest that this

would have ended the litigation upon the note, and the Bank could not have sustained any action upon the note. Why? Because the matter would have been *res adjudicata*.

The fact that Horton, who was a mere surety—if that— upon the note, was not a party to the chancery proceedings, is immaterial. The very identical question presented in the chancery proceedings is the same— the identical—question presented in the law proceedings; that question is: Was Boushe liable on the note? Suppose the Grenada Bank had made its answer a cross-bill, and had asked for a personal decree against Boushe on the note (as it had a right to do), and suppose the chancery court had found that Boushe was due Windham & Miers something, and further decreed that Boushe pay the Bank the amount of the note, would that decree not be a perfect defense to the present suit? To ask, is to answer the question. But the fact that the Bank did not see proper to make its answer a cross-bill is no reason why the plea of pending suit should not be allowed.

*Cowles Horton,* for appellees.

Where two courts have concurrent jurisdiction, an action begun in one of them will abate a suit, involving the same subject-matter, brought in the other, pending the exercise of the prior jurisdiction. *Shelby* v. *Bacon,* 10 How. (U. S.) 68, 13 L. Ed. 67; *Ricks* v. *Richardson,* 70 Miss. 427; *Griffith* v. *Waterworks Co.,* 88 Miss. 385.

In such case, it is improper for the second court to assume jurisdiction, the effect of which would be to interfere with, hinder or in any way embarass the prior jurisdiction. *Martin* v. *O'Brien,* 34 Miss. 39; *Ex parte Chetwood,* 165 U. S. 443, 41 L. Ed. 782; *Railroad Co.* v. *Vinet,* 132 U. S. 478, 33 L. Ed. 400; *Wallace* v. *O'Connell,* 13 Pet. (U. S.) 136, 10 L. Ed. 135; *Shoemaker* v. *French,* Chase, 267; *Insurance Company* v. *Howell,* 24 N. J. 239; *Freeman* v. *Howe,* 65 U. S. 450, 16 L. Ed. 749.

There is no requirement that, in cases like the one at bar, the parties should be the same, but, if otherwise, the parties in this case are substantially the same and represent the same interest, thereby satisfying the rule. 1 Cyc. 33; 32 Cyc. 388; *Watson* v. *Jones,* 13 Wall. 679, 20 L. Ed. 671; *U. S.* v. *Haytian Republic,* 154 U. S. 124, 38 L. Ed. 932; *Manly* v. *Kidd,* 33 Miss. 147; *Griffith* v. *Waterworks Co.,* 88 Miss. 385.

The two jurisdictions were necessarily conflictory and involving the same subject-matter, since one court was seeking to annul and cancel, and the other court at the same time seeking to uphold, effectuate, and enforce, the same instrument. Hence the doctrine, *qui prior est tempore, portior est jure,* applies. Authorities, *supra.*

Appellant had a plain remedy to enforce in the chancery court the rights here sought to be enforced. The chancery court would enforce them, though strictly legal. *Atkinson* v. *Felder,* 78 Miss. 85; *State* v. *Marshall,* 100 Miss. 642.

Its remedies against Horton might have been enforced in that court, as against the others, so long as the chancery court retained the case. The procedure would have been neither novel or without authority to support it. *Lemmon* v. *Dunn,* 61 Miss. 211; *Foundry Co.* v. *Ice Co.,* 72 Miss. 516.

Appellant might have filed its cross-bill against the parties in the chancery court, and sued Horton separately, had it not desired to have him joined, as above shown, in that suit. Code 1906, Ch. 71 and cases cited therein.

Having this remedy, it became appellant's duty to enforce it and the bringing of this suit was unnecessary and improper. *Martin* v. *O'Brien,* 34 Miss. 39; *Phelps* v. *Edgerton,* 65 U. S. 450, 16 L. Ed. 752; *Ricks* v. *Richardson,* 70 Miss. 427.

If appellant had filed cross-bill and appellee had dismissed the chancery suit and the cross-bill been carried with it, this would have finally terminated that jurisdiction, leaving appellant the right to then institute its

suit. In no event, therefore, could appellant have lost this right, and in no way has been in the dangers mentioned in its argument.

It was the duty of the chancery court to have determined the bank's rights on presentation of them so long as it retained jurisdiction (*Atkinson* v. *Felder; State* v. *Marshall, supra*), and, having in that court a full, plain and adequate remedy, so long as it retained jurisdiction at all, it was improper for appellant to institute a suit, the effect of which would be to bring about a conflict. *Ricks* v. *Richardson,* and authorities *supra.*

The plea is to be determined as of the time of its filing, without reference to subsequent developments. Hence the replication was demurrable. *Frogg* v. *Long,* 28 Am. Dec. 69; *Dozier* v. *Williams,* 47 Miss. 605.

A dismissal or discontinuance of a case finally ends it —*Fire Insurance Co.* v. *Francis,* 52 Miss. 467—and the authorities cited by counsel that a dismissal or discontinuance may be set up in answer to the plea are inapplicable, the case in chancery not being terminated.

A case dismissed terminates the jurisdiction and it cannot be said to be a pending suit, nor a purchaser of property involved in such a suit a purchaser *pendente lite.* 25 Cyc. 1470 (B).

The chancery case, however, is still a pending one, and were property involved, a purchaser at this time would take a *pendente lite* and with a title subject to be divested on appeal. *Smith* v. *Burns,* 72 Miss. 966; *Nelson* v. *Ratliff,* 72 Miss. 656; *Tucker* v. *Wilson,* 697.

A reversal of this chancery suit would be to leave the jurisdictions between the two courts still conflictory, and the circuit court would, therefore, have done a useless thing. Scrambles between courts for priority should be avoided, and the test adhered to that priority of jurisdiction controls priority of decision. *Sharon* v. *Terry,* 36 Fed. Rep. 337.

COOK, J., delivered the opinion of the court.

This suit was instituted in the circuit court of Grenada county by the appellant against the appellees on a promissory note. Appellees interposed a plea in abatement setting up a pending suit in the chancery court, in which suit it was alleged that the same questions were involved between the same parties. Appellant filed a replication to the plea in abatement averring, among other things, that since the institution of the present suit the case had been disposed of in the chancery court. To this replication a demurrer was interposed and sustained by the court.

Briefly stated, the point for our determination is, does the fact that the suit in the chancery court was pending at the time suit in the circuit court was begun abate this suit, although the suit in the chancery court had been finally disposed of by dismissing the bill of complaint against plaintiff below, appellant here, before the replication was filed to the plea in abatement?

We answer this question in the negative. We hold that the demurrer to the replication should have been overruled.

"While at the common law the rule was to sustain a plea in abatement of another suit pending, if it was true at the time the plea was filed, but the tendency of the later cases, and a preponderance of authorities sustain the doctrine, that it is a good answer to the plea of pendency of a prior action for the same cause that the former suit has been discontinued, whether the discontinuance be before or after the filing of the plea. Under this doctrine the plea will be overruled, unless the prior suit is pending at the time of the trial of the second." 1 Cyc. 25.

"The modern tendency is to regard the objection as removed if the dismissal or termination occurs after the plea is filed. And it has been held that dismissal at any time before the hearing on the plea, or even at the trial

of the second action, is not too late." 1 Standard Proc. 1011.

We find nothing in our books contrary to the rules just quoted, but we do find that pleas in abatement of the character here involved are looked upon with disfavor by this court. *Wood Preserving Co.* v. *Myer,* 76 Miss. 586, 25 So. 297.

The case is reversed, the demurrer overruled, and the cause is remanded for further proceedings in accordance with this opinion.

*Reversed and remanded.*