## The People on the relation of George M. Granger v. The Judge of the Wayne Circuit Court.

*Staying proceedings in another court.* Proceedings in one court should not be stayed on account of a suit pending in another, unless they are identical.

*Personal action: Proceeding in rem in admiralty.* A personal action at law in a state court will not be stayed on account of a proceeding *in rem* in admiralty.

*Common-law remedy: Estoppel.* The right to have a common-law liability enforced by common-law proceedings is one of which a person cannot lawfully be deprived, unless where he has done something which raises an equity by way of estoppel.

*Practice: Several suits for same cause of action.* Cases cited and questions discussed as to the practice where more than one suit is pending covering the same grounds in whole or in part.

*Heard May 16.    Decided July 11.*

Application for *mandamus.*

*H. B. Brown,* for relator.

*L. T. Griffin,* for respondent.

CAMPBELL, J.

Granger sued Thomas Murphy and Samuel Murphy, in a common-law action for services in fitting out a vessel and as master, and for commissions on her earnings, and for certain outlays and expenses.

Defendants pleaded in abatement the commencement and adverse decision of an action *in rem* against the vessel in the United States district court, and its appeal by plaintiff to the circuit court of the United States, where it was still pending.    This plea having been held bad on demurrer, the court, upon an affidavit of the same facts, stayed the proceedings as to most of the claim, until the cause should be decided in the United States circuit court.    A *mandamus* is now sought to vacate this order.

There seems, at first sight, much reason in requiring parties to abide by their first proceedings upon the same controversy.    But there also seems to be some incongruity

in overruling a plea in abatement, and at the same time giving substantially the full force of such a plea to an affidavit of the same facts. And it is certainly a proceeding which can only be justified by very strong reasons.

It will not be necessary to consider on this motion, whether a personal suit pending in a court of the United States for the same district should abate a subsequent and identical suit in a state court. The rule adopted in this circuit by Judge McLean, in *Earl v. Raymond, 4 McLean, 233*, allowing such a plea of a suit pending in a state court, seems to us salutary, and we should be disposed to follow it, unless it has been repudiated by the supreme court of the United States. We do not see that this has been done thus far, by any decision distinctly raising the question. But it is not necessary for us, in the present case, to examine into that matter.

In order to authorize any court to stay proceedings on account of a suit pending in another court, the two proceedings must be in all respects identical. Even in a court of equity, when it has been made to appear that an action at law is pending, the utmost that will be done is to compel the party to make a total or partial election. The court cannot elect for him. But the practice of compelling an election does not exist where a mortgagee seeks to enforce his lien, and he may at the same time seek all his legal remedies, both to collect the debt, and to recover possession of the land.—*Booth v. Booth, 2 Atk., 843; 2 Dan. Ch. Pr., 962, and cases cited.*

This practice was not changed in this state until a statute gave authority to courts of equity, in foreclosure cases, to make personal decrees for the deficiency.

No case has been cited, and we have not been able to find any, wherein it has been held that a common-law court has any right to prevent a party from enforcing a common-law remedy, on account of the pending of any but common-law proceedings. It being his absolute right to sue at common law if he chooses, the common law will pro-

tect him in it.   And inasmuch as proceedings to enforce
a security are in their nature collateral to proceedings to
establish a personal liability, there is always a possibility at
least, that, whether the personal claim be made out or not,
the remedy against the security may not be established, or,
if established, may not be adequate.   And while a double
satisfaction can never be obtained in any court, concurrent
and cumulative remedies are by no means unknown, and
are not universally forbidden.   Questions have frequently
arisen on this subject, and the decisions do not sustain the
right of courts to interfere with the lawful action of the
parties suing.   Admiralty and common-law remedies have
not been regarded as so far alike in their rules and effect
as to stand on the same footing.

In the case of *The Kalorama and The Custer, 10 Wal.,
204,* it was held, the pending of proceedings *in personam*
should not suspend proceedings *in rem* in admiralty.   And
in *Harmer v. Bell* (*The Bold Buccleugh*), *22 E. L. & Eq., 62,*
the same doctrine was held by the privy council, who said
that proceedings *in rem* and *in personam* were essentially
different, and one should not suspend the other.

Neither, until satisfied, will even a judgment *in rem* or
*in personam* prevent further proceedings on the same claim.
*Toby v. Brown, 6 Eng., 308 ; The Bengal, Swabey, 469 ;
The John and Mary, Id., 471; Nelson v. Couch, 15 C.
B., N. S., 99.*

The latter case contains a very full discussion of the
subject, and shows the necessity of the rule.   And if this
be true, it must necessarily follow that justice will rather
be subserved than defeated by permitting the ascertainment
of both classes of liabilities without needless delays.   Upon
this proposition also the cases are harmonious, and courts
have constantly refused to stay any action at common law,
on any claim that in courts not proceeding according to
the common law, or even in other common-law actions
involving a part, but not all, of the same issues, the main
questions were to be decided.

In *Sowter v. Dunston, 1 M. & Ry., 508,* the court refused to stay a suit against one defendant while another suit for the same cause of action, against him and another jointly, was pending. In *Wise v. Prowse, 9 Price, 393,* an action against a defendant sued jointly with others as drawers was held no ground for staying an action against him as acceptor.

*Henry v. Nash, 1 Exch., 826 ; Giles v. Tooth, 3 C. B., 665 ; Newton v. Belcher, 9 Q. B., 612,* were cases where numerous individual suits were brought against directors and others who were jointly liable on the same single cause of action ; and stays were refused which were applied for to abide the trial of one of the causes which was at issue on the facts.  In the first there were pleas in abatement overruled before the motion.  In the second there was no plea of non-joinder, but the merits were shown to be the same in all the suits, except as to the individual liability for membership, which had to be made out as to each. In the third case a stay of proceedings which had been granted was set aside as beyond the authority of the court.  In this latter cause of *Newton v. Belcher* a judgment was obtained for £877 beyond a sum of £1,000 paid into court. Pending a motion for a new trial, a motion for a stay of proceedings was made in still another case, of *Newton v. Liddiard, 9 Q. B., 616, note* (a), which was refused for the same reason given in *Newton v. Belcher.  Coleridge, J.,* gave a further reason, also before referred to, that there was no certainty that the plaintiff would be able to collect his debt without suing all.  This is the same reason underlying the shipping cases before cited.

And on this same ground it was held in *Great Northern Railway Co. v. Kennedy, 4 Exch., 417,* and in *Inglis v. Great Northern Railway Co., 16 Eng. L. & Eq., 55,* that the forfeiture of shares was no suspension of an action for calls, although when the company should realize, the defendant would be entitled to an accounting for the proceeds. The court liken the forfeiture to a mortgage claim.

In *Covington v. Hogarth*, 7 *M. & G.*, *1013*, it was held that proceedings should not be stayed at common law by reason of the same plaintiff's having proceeded in bankruptcy for the same debt, and although before the time to plead expired the defendant had paid the debt, it was held there could be no stay unless he paid the costs also.

In *Wade v. Simeon*, 1 *C. B.*, *610*, a suit had been brought in the Exchequer on two checks, and a stipulation was made for payment, or judgment at a given time, and a judge's order was made in pursuance of the agreement to that effect.    This order being afterwards set aside, and the defendant allowed to defend, the plaintiff sued on this agreement in the Common Bench, and that court held it had no right to stay the action.    The language used in this case is to the same effect as that found in many of the others, viz.: that the courts cannot interfere with the right of a party to have a common-law trial in the ordinary course. *Tindal C. J.* says: "It appears to me that the plaintiff has a *prima facie* cause of action on an agreement which he sets out in his declaration, and that he has a right, by the law of the land, to insist upon having the judgment of the court thereon, either upon demurrer, or by the verdict of a jury, or the judgment of a court of error upon a bill of exceptions, or otherwise, according to the ordinary course of practice."    And it was intimated by the chief justice, and the other members of the court, that nothing but bad faith in breaking an agreement, or in some other similar way, would justify interference.

This same principle has been applied in equity.    In *Ostell v. Le Page*, *21 Eng. L. & Eq.*, *640*, a stay of proceedings granted by a vice chancellor on account of proceedings which had passed to a decree in India, was set aside as granted without right, because it did not appear clearly that the Indian proceedings covered the whole ground that might have been covered by the English chancery cause. *Lord Cranworth* said: "But when the court interferes upon motion, to stop the plaintiff from proceeding, it is taking

upon itself a very delicate jurisdiction, and one in which it ought to see that by no possibility can it be doing injustice. Looking at this decree, and at the present bill, I think that the decree could not be pleaded so as to bar the plaintiff from all the relief which she is seeking by the present suit."

In *Miles v. Inhabitants of Bristol, 3 B. & Adol., 945,* where, after a suit was brought in the Queen's Bench, another precisely similar was brought and pending in the Exchequer, and a motion was made in the Q. B. to stay proceedings and order a discontinuance, *Lord Tenterdon* said: "This court cannot interfere absolutely to prevent the plaintiff's proceeding in an action which was properly brought here; nor have we any control over the action in the Exchequer. But we have authority to say in the action depending in our own court, that he shall not proceed further in that, unless he abandon the one in the Exchequer. He must therefore make his election." And on electing to proceed in the Q. B. the rule was discharged. In that case it was admitted a plea in abatement could have been filed in the Exchequer.

In *Dicas v. Jay, 6 Bing., 519,* it appears that in a previous action a reference was had by rule of court which forbade bringing a new action, and an award was made in favor of plaintiff which he deemed too small, whereupon he brought a new action, and a motion was made in the new cause for a stay of proceedings; but the court held it had no power to grant the stay, if the party insisted on proceeding, although an opinion was intimated that the award would turn out to be a bar. *Tindal, C. J.,* said: "We have no right to prevent him from proceeding, if he chooses to do so, and therefore this rule must be discharged, without costs."

It has also been held expressly, that a court of common-law will not stay proceedings because of the pendency of proceedings in other than common-law courts.

Thus, in *Foreman v. Jeyes, 5 B. & Adol., 835,* where a

verdict having been entered on an award, the plaintiff had been enjoined from proceeding to judgment, the Queen's Bench held they had no authority to prevent him from proceeding to judgment, and could not discharge the defendant, who was afterward relieved in the court of chancery, from his arrest on the execution.

So in *Davis v. Salter*, *2 Cr. & J., 466*, where executors were enjoined from proceeding to dispose of assets, it was held a common-law court could not stay proceedings against them at law, before judgment. In *Murphy v. Cadell*, *2 Bos. & P., 137*, it was also held that proceedings at law could not be stayed on account of the pendency of a suit in equity.

In *Smidt v. Ogle*, *6 Taunt., 74*, the court refused to stay an action pending proceedings in the mayor's court of London. *Heath, J.*, said: "It is a common-law right of the plaintiff to sue here, and we shall not restrain it." The same rule was followed in *Laughton v. Taylor*, *6 M. & W., 695*.

And in those cases where the rules differ at common-law and in admiralty, it has been held that even a verdict or judgment in the one court has no force in the other.

As in collision cases the rule at common-law allows no recovery in favor of a party at all in fault, while admiralty divides the loss if both are faulty, and therefore a decision in either court concludes nothing in the other, if the doctrine is correctly stated in *The Ann and Mary*, *2 W. Rob., 189*, and *Genl. Steam Navigation Co. v. Tonkin*, *4 Moore, 321*, in both of which it was so held.

The action brought in the Wayne circuit court involves claims which all arise out of the same employment, and all properly belong together in one action. The effect of the partial stay of proceedings is, either to compel a discontinuance as to the items stayed, which would involve a division contrary to legal policy, or else a delay as to the whole, which would be equally unjust. The court acted on the theory, which may be correct, that there is a difference in

important items between the two suits. This, of itself, would bring the motion within several of the cases referred to, and render a stay improper.

The common law is averse to visiting forfeitures upon breaches of contract which can be remedied by fair deductions for damages, while the admiralty rule appears in cases like those before us to favor them. Whether in a common-law action for seamen's wages the rule should be different from that in regard to other wages, is a question which the plaintiff has a right to litigate in a common-law court, unless he has debarred himself from it.

The remedy which he has sought in admiralty is by a suit *in rem*, which involves nothing but his lien upon the vessel, and which, whether valid or invalid, is entirely independent of changes of ownership. It is in no sense a personal action, and the proceedings in admiralty do not lose their limited character because there has been no change in that respect. The rule must be reciprocal, and neither a court of law nor a court of admiralty can properly allow suits *in rem* and *in personam* to be treated as involving identical issues. Until the debt is satisfied, all the remedies are open, and each action should come to its conclusion as speedily as possible.

Where a party in a cause has made stipulations or engagements not to sue, which he is no longer disposed to keep, courts will always feel inclined to prevent injustice if they can. But the law has not left many of the important rights of parties to be governed by any one's discretion, and the privilege of proceeding according to the course of the common law is one of the most important rights of the citizen, which he is entitled to assert unless he has become absolutely estopped from doing so. According to the uniform course of decision this can only be done by asserting the same right in such a manner as to invoke elsewhere the same claim to the same kind and extent of judgment, which can be satisfied in the same way.

As the proceedings here are not in any way identical, there should have been no stay. It would not be proper for us, therefore, to discuss the questions raised concerning the rules of jurisdiction in the admiralty court, or the extent to which it can enforce liens for such services as plaintiff claims he rendered the defendants. The *mandamus* must be granted.

The other Justices concurred.