———o———

Thomas Murphy and another v. George M. Granger.

*Admiralty: Libel for wages: Decree of forfeiture: Common-law suit for services.* A decree in a suit in admiralty brought by a master to recover his wages, holding that the master had deserted his vessel and had there-

by forfeited his entire wages, is no bar to a common-law action to recover for the same services.

*Res adjudicata.* It is held that the decision in *Granger v. Judge of Wayne Circuit,* 27 *Mich.,* 406, rules this case.

*Submitted on briefs June 18.* *Decided October 5.*

Error to Superior Court of Detroit.

*Moore & Griffin,* for plaintiffs in error.

*Pond & Brown,* for defendant in error.

MARSTON, J :

This case was once before this court in *Granger v. Judge of Wayne Circuit,* 27 *Mich.,* 406, where it was held that the pendency of a suit in admiralty was not a bar to the institution of another suit in a common-law court, and that it was improper to grant a stay of proceedings in the second suit. Granger claims to have acted as master of the tug Balize from March, 1871, to July 20th of the same year. After leaving, he commenced suit in the district court of the United States *in rem* to recover his wages. The court found that he had deserted the tug on the 20th of July, and decreed a forfeiture of his entire wages by reason thereof. He then appealed to the circuit court of the United States, and, pending the appeal, commenced this action to recover for the same services. The circuit court of the United States affirmed the decree of the district court. These facts were pleaded and proved upon the trial in this case. The court held that the plaintiff's cause of action was not thereby barred, and judgment was rendered in his favor. This ruling of the court is the only error assigned.

The facts, so far as the defense is concerned, are the same as when the case was here before, with the additional fact that the decree of the district court has been affirmed.

We do not consider it at all necessary to make any extended argument in this case, or review the cases cited by counsel in their briefs, as the questions raised were very

fully and elaborately discussed when the case was here before. The additional facts now presented do not, in our opinion, change the conclusions there announced, and we need but refer to and adopt the reasoning in that case as conclusive here.

The judgment of the court below must be affirmed, with costs.

The other Justices concurred.