Barrett, J.
The only question upon which I reserved my judgment was as to the appropriation of the firm name. The other claims upon which we are asked to pass by the surrogate’s court, and to assume general jurisdiction of an ordinary accounting by executors, are entirely unsubstantial. Some of them are plainly frivolous, and all of them have been put forward seemingly for the purpose of evading the general rule that a court of equity will not take cognizance of an action for the settlement of an estate disconnected with the enforcement of a trust, unless special reasons *212 are assigned and facts stated to show that complete justice cannot be done in the surrogate’s court (Chipman v. Montgomery, 63 N. Y. 222; Hard v. Ashley, 117 N. Y. 606).
In her complaint the plaintiff does not directly attack the assignment to A. S. Barnes & Co. of her legacy. She proceeds as though that assignment had not been made, and when the defendants set it up in their answer, she replies, attacking it upon the ground of fraud, and asking for still other reasons that it be treated as inoperative. Without considering the question whether the complaint should not have affirmatively shown the special reasons and facts which would prevent the surrogate from doing complete justice in this, particular, I am bound to find that the plaintiff has failed to establish the facts upon which she seeks to-avoid the assignment, and that the issue on that head, made up by the answer and reply, must be decided adversely to her contentions.
Nor is it necessary to consider the question of the jurisdiction of the surrogate with regard to the special-facts set up in the complaint, upon which our powers as a court of equity are invoked, for the reason that the plaintiff has wholly failed to establish the claims made by these allegations. It is not enough to allege special facts which would oust the surrogate and justify resort to our jurisdiction. Such facts must be true and should be established by competent testimony. The rule cannot be evaded by mere assertion. These observations, apply to the charges with regard to the insufficiency of the rents of 111 and 113 William street, and of the factory in Brooklyn ; also as to the engines, boilers, etc., in the Brooklyn factory; also as to the claim against, the firm of Knight, Loomis & Co., the charge of usury in the $70,000 note, and of fraud in the request of June-. 19, 1888, to pay certain notes of F. D. Blake & Co.
It is urged that these matters should not now be *213 passed upon, but that an accounting should be directed before a referee, and all claims reserved until the final hearing upon the referee’s report. This argument overlooks the rule that an accounting should not be ordered until the special facts which justify the passing by of the surrogate’s court are established. If any such fact is established, then the court, as a court of equity, will assume jurisdiction of the estate and of the general accounting. It will not limit the relief to the single fact which appropriately brought the case within its jurisdiction. Having commenced, it will proceed to the end, and do all that justice requires. As was said in Wager v. Wager (89 N. Y. 168): “If the court has obtained jurisdiction for the purpose of establishing the equitable right of the next of kin to the personal estate, that carries with it jurisdiction to adjust the whole controversy.” If, however, not a single fact is established which calls for the exercise of our jurisdiction, the court should dismiss the complaint. It will not, after finding every such fact adversely to the plaintiff, direct the ordinarv accounting which the surrogate is competent to supervise.
This brings me to the consideration of the question as to the appropriation of the old firm name. If this name was properly an asset of the estate in which the plaintiff was entitled to share, and she has been deprived of such share, then the claim of the executors and of the members of the new firm would bring the case within the principle enunciated in Wager v. Wager (supra). It was there held that any person claiming an interest in the personalty as legatee under the will, may, when the executor claims such interest in his own right, bring suit against him to settle the construction and ascertain the validity of the provisions of the will so far as the plaintiff’s interest is concerned, and to enable him to obtain from the executor such portions of the estate as he is legally or equitably entitled to. *214 This proceeds upon the jurisdiction of equity over trusts, and upon the theory that an executor is always a trustee of personal estate although no express trusts-are created by the will.
1 have therefore examined the question thus presented, and I am of opinion that upon the special facts of this case, the firm name passed to the surviving members of the old firm as part of the good will of the business under the Settlement contemplated by the articles of co-partnership.
This, too, would have been the result, apart from the articles of co-partnership. Upon this question the language of Ruger, C. J., in Caswell v. Hazard (121 N. Y. 484), is unmistakable. The learned Chief Judge observed: “ We are also of the opinion that the present defendants have, as the legitimate successors of the firm of Caswell, Hazard & Co., lawfully acquired its right to use that name as a firm name. At common law it was undoubtedly the right of such members of a dissolved firm, having an established reputation for the character and quality of the goods manufactured by them, who desired to continue such business, to continue the former firm name and transact business thereunder, álthough none of such parties bore the names contained in the original firm (L. C. Co. v. A. C. Co., 4 DeG., J. & S., 143 ; 11 H. L. Cas. 534).”
This is in accordance with the views of the text writers and with the English authorities. Mr. Story says that the right to use the name of a known and celebrated firm does not fall within the true character and nature of good-will, but that it belongs to the surviving partner {Story on Partnership, 5 th ed. § 100, and note). ' So in Lewis v. Langdon (7 Sim., 421), the Vice-Chancellor said : I cannot but think, where two partners carry on a business in partnership together under a given name, that during the partnership it is the joint right of them both to carry on the *215 business under that name, and that, upon the death of one of them, the right, which they before had jointly, becomes the separate right of the survivor.” (See also Collyer on Partnership, 8th Am. ed. §§ 162, 163, and note; Hammond v. Douglass, 5 Ves., 539; Crawshay v. Collins, 15 Ves. 227 ; Webster v. Webster, 3 Swanst. 490).
The cases where a different view may seem, upon a cursory examination, to have been taken are not really in point. They were cases either of trademarks or of good-will arising between vendor and vendee or between the living survivors of a dissolved firm (Dougherty v. Van Nostrand, Hoffm. 68; Howe v. Searing, 6 Bosw. 354; Bininger v. Clark, 10 Abb. Pr. N. S. 264). There can be no doubt that trademarks and good-will are important parts of the property of a firm, and that upon a dissolution each of the members is entitled to share therein the same as in other assets. And it may well be that while upon such dissolution each party might use the devices which constitute the trademark, “ neither, except by agreement, could use the name of the other ” (Hazard v. Caswell, 93 N. Y 259).
But that is not the question in the present case. The question here is as to the effect of a dissolution by the death of one of the members of the firm. The weight of authority on that specific question certainly favors the defendants’ contention, namely, that while the good-will is concededly an asset, the right to continue the business under the old firm name belongs to the surviving partners. It is true that a statute of the State passed in I833 forbade the transaction of business in the name of a partner not interested in the firm (Laws of 1833, chapter 281). In 1854, however, a statute was enacted (chapter 400), permitting surviving partners of firms, having relations with foreign countries to continue the use of a co-partnership name on complying *216 with certain formalities. This privilege has now been extended * to all co-partnerships in this State who have transacted business therein for a period of three years or upwards. These statutes, it may be said, confer no right, as between the parties, and simply modify pro tanto the penal provisions of the act of 1833. But the executors of A. S. Barnes could not confer upon a purchaser the right to use the old firm name. And even if as between themselves and the surviving members of the old firm, they could do so, these statutes indicate very clearly that such a purchaser would buy nothing but the right to commit a misdemeanor. The only persons who, under the act, are permitted to continue the use of the old firm name, are the surviving partners who may continue the business (or any of them), their assigns or appointees.
So much for the question considered apart from the special facts of this case. Let us now look at it in the light of those special facts. The eleventh clause of the articles of copartnership reads as follows:
“ XI. In the case of the death or withdrawal of any partner before or at the expiration of this agreement, the basis of settlement shall be an exact valuation of the material, property, stock, machinery and accounts, as per inventory, made as follows :
“ (a.) The salable merchandise shall be taken at net cost, and the accounts which are not yet due at their face.
(1h). Accounts overdue at a fair estimate, to be determined, if necessary, by arbitration, or, at the option of the retiring partner, to be collected by the firm for the benefit of all concerned, and paid pro rata as realized.
(1c.) Available machinery which the firm can still use, at one-half cost; rejected machinery or any other *217 property or merchandise for which the firm is not willing to allow the valuation inventoried, or hereinbefore provided for, at the price offered by the highest bidder.
(d.) For the stereo and electrotype plates, engravings, publishing, patent and copyrights, good-will, etc., a sum equal to the gross profits of the firm for the last two complete business years preceding the time of .settlement.
By gross profit is meant the net profit as exhibited by the balance sheet, with the addition of all the •expenses incurred to increase the sale of the books and to extend the business, which is to be considered as an investment, but store expenses and the necessary cost of handling the stock and distributing it as merchandise is to be considered a part of the costs of the stock and is not included in the gross profits. Should a revaluation on the above basis be necessary, each partner shall be credited with any surplus or debited with any deficiency which may appear in consequence in the proportion of his shares, namely, on the same basis as a division of profits.”
It seems clear that the right to continue the business under the old firm name was covered by the ■expression “ good will, etc.,” as used in the above subdivision “ d.” There is here no limitation or qualification whatever. A. S. Barnes & Co. was a publishing house, and the firm name naturally appeared upon the stereo and electrotype plates, and upon the publications of the firm. How was it possible, under these provisions, to exclude the firm name from the consideration of the good will? The two things were under :such circumstances quite inseparable. Good will is spoken of in immediate connection with stereo and electrotype plates, engraving, publishing, patent and copyrights, and it is apparent that all these were necessarily impressed with the firm name. As matter of *218 fact, too, the firm name was actually taken into consideration by the expert who was employed, with the consent of all parties, to ascertain and report the value of the testator’s interest in the firm, and whose report was subsequently ratified by the plaintiff and all the other heirs.
'My conclusion is that the plaintiff has no just cause of complaint with regard to the firm name, and, consequently, that her action must fail, as there is nothing-left in the controversy which cannot be properly adjudicated in the surrogate’s court; that is, nothing save the ordinary accounting of the executors, and as to that we should decline to proceed further.
The complaint must, therefore, be dismissed, with costs to the defendants represented by Mr. Candler, to-the defendant represented by Mr. Johnson, and to the guardian ad litem, without prejudice to proper proceedings in the surrogate’s court, except so far as the facts, here passed upon may be res adjudicata.
Note on the Pendency of Another Action, or the. Recovery of a Judgment in Another Action, as a Defence.
The provisions of the Code of Civil Procedure on this subject are as follows :
“§ 488 [am’d 1877]. The defendant may demur to the-complaint where one or more of the following objections, thereto appear upon the face thereof. ... 4. That, there is another action pending between the same parties, for the same cause.”
“ § 544 [am’d 1877]. Upon the application of either party, the court may, and, in a proper case, must, upon such terms as are just, permit him to make a supplemental complaint, answer or reply, alleging material facts which occurred after his former pleading, or of which he was ignorant when it was made ; including the judgment or decree of a competent court, rendered after the commencement of the action, determining the matters in controversy, or a part thereof "...
Neither of these provisions is intended to enlarge the-legal effect of the pendency of a former action, or of the *219 recovery of a judgment in another action ; but they merely prescribe, or at least declare, modes in which whatever is a defence, in abatement or in bar, may be interposed in an action under the Code (Burrows v. Müller, 5 How. Pr. 51).
The authorities seem to support the doctrine that the rule which allows pendency of an earlier “ action ” to be a defence, is not confined to the code sense of an ordinary prosecution (see note at page 44 of this vol.) ; but may include any proceeding the result of which might be an adjudication such as would be a bar or estoppel on the question sought to be litigated in the present action (cases 1—3).
On the other hand, the rule does not include every action or proceeding which might so result, but only those the pendency of which might, according to the previous doctrines of the courts, avail as matter in abatement.
What then are the tests of a lispendens available in abatement ?
Three views have been developed by the courts, each affording a somewhat different test, in answer to this question, in different cases, although all lead in many cases to the same conclusion. They are, (1.) Is the controversy already in the way of becoming res judicata in another cause (case 4). (2.) Is defendant being twice vexed for the same matter ? (cases 5, 6). (3.) Does comity require the court in the cause at bar to await the decision of another court on the same controversy ? (case 7).
The relative value of these tests, and the necessary limits of their application will be seen in noticing the reason for each. Thus, (1.) “ Is the controversy already in the way of becoming res judicata in another cause ?” If so, the present suit is not necessary so far as concerns the purpose of determining the rights of the parties. But it still may be necessary in order to reach assets which are exclusively in this jurisdiction. (2.) Is defendant being vexed twice for the same matter? If so, this suit is unjust. But the rule of double vexation is a domestic rule, and does not require courts as a matter of justice to refrain from prosecuting a defendant merely because the courts of some foreign State are pursuing him. (3.) Does comity require the court to refrain ? But the rule of comity rests in the legal discretion of the court, and does not give any absolute right to the party.
Action in State court as affected by action in court of sister State. It is a familiar rule that the pendency of a prior suit in a court of a sister State is not alone a defense to a *220 •suit in the courts of this State (case 8). Doubtless it may be ground, or at least there may be ground for staying the latter suit here, if it appear that the present suit is vexatious, or that the res is in the custody of the court of the other State. Upon the same principle, if the defendant sued here shows that the demand on which he has been sued has been attached or garnished in his hands as property of the plaintiff, which plaintiff’s creditors are endeavoring to reach, the court may, according to some authorities, stay the proceedings of the plaintiffs here, or according to the better opinion should, while allowing plaintiff to prosecute to judgment, interpose to protect defendant from liability both to plaintiff and to plaintiff’s creditors (case 9).
Action, in State court as affected hy pendency of action in United States court. The rule apparently settled in this State is that the pendency of an action in a court of the United States even sitting within the State, is not available in abatement of an action in a State court ; and it make no ■difference that the former action was commenced in.the State court, and removed thence to the federal court (case 17). This rule was laid down in an action on contract, where the question was raised on motion to set aside the summons (case 16), but the decision was put on the principle which governs pleading, and there seems no good reason why the principle should not apply to actions of tort. There may, however, be a necessary distinction where a ■provisional remedy in a case of either class, or an action for specific relief as distinguished from a money judgment, renders it necessary for the State court, whose powers are last invoked, to refrain from exercising them to the interference with the process of the United States court previously set in motion.
Thus considered, the rule as to the effect of concurrent proceedings in State and United States courts, does not exclude the test of comity ; and on the other hand, it limits the test as to anticipation of res judicata by refusing to abate a suit merely because the prior suit promises that result, but yet allows that the adjudication, if reached before judgment here, will be a bar.

Action in Federal Court as affected by pendency of prior action in State Court.

After some fluctuation of opinion it is settled that a court of the United States is not to be precluded from proceeding by reason of the previous commencement of an action between the same parties and for the same cause ; because the jurisdictions are regarded as foreign to each *221 other ; (cases 10-15), and this rule has been applied in several instances where the federal court was sitting within and administering the laws of the State whose court was entertaining the prior action (13, 14).
Adequacy of the remedy within prior suit. It is a familiar rule that it must affirmatively appear that the two suits, must be between the same parties, and for the same cause; although it is not necessary that the facts stated or the relief sought in the earlier suit be co-extensive with those in the later (case 18).
In general in a court of equity, the pendency of a former action at law, though between the same parties and for the same cause, is not a defence (cases 19-20).
In such case the objection is not available in equity, by plea or demurrer, for the court will first allow plaintiff to have his discovery ; and therefore will not compel election as to relief until after answer. (Lube Eq. Pl. Sumn. W. ed. 79.) In default of such election his bill in equity may be dismissed (Id. 80). But this is not of course, for it may be that the earlier suit will fail and not on the merits (See Am. Bible Society v. Hague ; 4 Edw. Ch. 117). If the complainant elects to proceed in equity the court enjoins him from proceeding further at law (Lube Eq. Pl. 80).
Conversely in a court of law, the pendency of a prior suit in equity is not necessarily a defense ; for the result of the action at law may be requisite in order to a complete remedy in the court of equity. Kittredge v. Race, 92 U. S., (2 Otto) 116. S. P. Denny v. Garden, 2 Brev. (S. C.) 70.
If full relief cannot be obtained in the first proceeding its pendency does not preclude the second (Matter of Hood, 27 Hun, 579 ; rev’d on other grounds in 90 N. Y. 512). Thus a claim made by a defendant on his co-defendant, in a previous' action is not a sufficient proceeding to avail as a defence to a subsequent action brought by one against the other on the same claim, unless the previous proceeding is such that the claimant therein has power to-compel the determination of that controversy in that proceeding (case 21).
If the later suit is in a court of equity or admiralty the court may, as above stated, require the plaintiff to elect which suit he will prosecute ; and it seems also that if it is in a court of law, under the enlarged powers of such a court, the court may attain the same result by its power of staying proceedings and of suspending judgment (Lynch v. Hartford Fire Ins. Co., Circ. Ct., D. N. H. 1883, 17 Fed. Rep., 627).
*222 Priority of steps. The pendency of a subsequent suit cannot be pleaded in bar or abatement to a prior suit for the same cause. Sherwood v. Hammond, 4 Blackf. (Ind.) 504; Ratzer v. Ratzer, 2 Abb. N. C. 461. Amendments to the pleadings in the prior suit do not necessarily prevent the pendency of that suit being availed of as a defence to a second suit brought before the amendments were made. Gaylord v. Fort Wayne R. Co., 6 Biss. 286, 291. And if judgment has been obtained in one suit pending the other, that judgment may be pleaded as a bar, although it was recovered in the suit last commenced and is pleaded by supplemental pleading in the suit first commenced. Mount v. Scholes, Ill. 1887, 8 West. Rep. 684. It is the better opinion also that if the judgment is recovered by the plaintiff so that it constitutes not an estoppel against the claim, but a former recovery on it, it may be set up by plaintiff by supplemental complaint in the action not yet tried.

Notes oy Cases.

1. Fahy v. Brannagan, 56 Me. 42. (Pendency of an arbitration under the statute a good defense to an action on a demand included in the submission).
2. Groshon v. Lyon, 16 Barb. 461, aff’g, 1 Code R. N. S., 348. (Proceeding before surrogate by petition for trustee’s accounting and discharge, a defense to an action by the beneficiary to remove the trustee and have an accounting.)
3. Ludeke v. McKeever, 9 State Rep. 827. (Advertising for claims, commenced by assignee for benefit of creditors, not such a commencement of proceeding as to be a defense to an action against him for an accounting.)
4. Ingram v. Richards, 2 La. Ann. 839. (Proceeding for sale of assets to -pay debts, no defence to proceeding to charge legatees, devisees, heirs, next of kin, etc.)
5. Radford v. Folsom, 14 Fed. Rep. 97, 100. Thiras, J., says:
“ The reason for the rule that the pendency of a former action may be pleaded in abatement of a second action, is, that if the complaining party has already an action pending in which he can obtain full relief, there is no justification for-harassing the defendant by a second action for the same subject-matter. If it should appear, however, that in the second action the plaintiff can avail himself of some legal or equitable advantage, not open to him in the first action, then a legal reason is shown for the bringing of the second action, and the pendency of the *223 one would not ordinarily abate the other. This is the reason why, as a rule, the pendency of an action at law cannot be successfully pleaded in abatement of a suit in equity.”
To same effect, Hatch v. Spofford, 22 Conn. 485.
6. State v. Dougherty, 45 Mo. 294. The ground upon which courts proceed in abating a subsequent suit upon the ground of a pendency of a former one between the same parties and for the same cause, is that the subsequent suit is unnecessary, and is therefore vexatious. But the modern practice is, not to infer this from the mere pendency of the prior suit, but to determine that question upon the actual circumstances of the two cases.
The rule against suing for the same cause in law and in equity is put by Lord Bacon’s orders (18 Election), on the ground of double vexation.
7. Taylor v. Carryl, 20 How. (U. S.) 583; Payne v. Hook, 7 Wall. (U. S.) 425, in cases of conflict between jurisdictions of . . . concurrent authority, that which has first acquired possession of the res which is the subject of litigation, is entitled to administer it.
8. Hatch v. Spofford, 22 Conn. 485; (holding that the rule does not apply where the other suit is in courts of another State. Approved in Ins.. Co. v. Brune, U. S. For other cases see Allen v. Watt, 69 Ill. 655 ; Seevers v. Clement, 28 Md. 426; Brinkley v. Brinkley, 50 N. Y. 184; s. c., 10 Am. R. 460; Smith v. Lathrop, 44 Penn. St. 326 ; and cases cited in Stanton v. Embry, 93 U. S. 548.
9. Lynch v. Hartford Fire Ins. Co., 17 Fed. Rep. 627. Action on fire policy; plea that in State courts, both in the same State, and in another State in and within the circuit where the action was brought, defendant had been garnished in respect of the insurance moneys, by plaintiff’s creditors.—Held, bad on demurrer; for the jurisdictions are now regarded as foreign to each other. A creditor may pursue remedies in each; the protection of defendant is to mould or restrain judgment so as to prevent twice paying.
Lowell, ]., says: The most which the defendant can require is to have a continuance of the action, or a moulding of the judgment in such a form that he should not be obliged to pay the same debt twice. This I understand to be the decided law of Massachusetts, Alabama. California, New Hampshire, Vermont, Georgia, Indiana, and Louisiana. Winthrop v. Carlton, 8 Mass. 456; Crawford v. Slade, 9 Ala. 887 ; McFadden v. O’Donnell, 18 Cal. 160; McKeon v. McDermott, 22 Id. 667 ; Wadleigh v. Pillsbury, 14 N. H. 373 ; Drew v. Towle, 27 Id. 412; Hicks v. Gleason, 20 Vt. 139; Shealy v. Toole, 56 Ga. 210; *224 Smith v. Blatchford, 2 Ind. 183 ; Carroll v. McDonogh, 10 Mart. 609.
10. Stanton v. Embry, 93 U. S. . Action in supreme court of District of Columbia for services. Plea, in abatement, of a prior action pending in a State court.—Held, bad on demurrer. “ The pendency of a prior suit in another jurisdiction is not a bar to a subsequent suit in a circuit court or in the court below.”
11. Hospes v. O'Brien, (U. S. C. Ct. D. Minn.), 24 Fed. Rep. 145. Action for injunction against conspiracy. Objection to jurisdiction on the ground that the complaint showed that a similar suit was pending in the State court of Wisconsin.—Held, untenable. Nelson, J., said that the doctrine “ only applies to courts of the same sovereignty ; and even in cases of the character spoker. of, where one suit is pending in the State court, and another is commenced in a federal court having jurisdiction within the same territorial limits, it is not settled that the second suit is, as a matter of course, to be abated. See Radford v. Folsom, 4 McCrary, 528 ; Hurst v. Everett, 21 Fed. Rep. 218.
12. Sharon v. Hill (U. S. Circ. Ct. Cal.) 22 Fed. Rep. 30. A suit pending in a State court cannot be pleaded in abatement of a suit in a United States court, as the courts of the States and of the United States are courts of different jurisdictions.
For other cases see Sloan v. McDowell, 75 N. C. 29 ; Parks v. Wilcox, Colo. 1883 ; McRee v. Brown, 45 Tex. 503 ; Lalham v. Chaffee, 7 Fed. Rep. 520; Gordon v. Guilford, 99 U. S. 168, 178; Parsons v. Greenville, etc. R. Co., 1 Hugh. 279.
13. Currie v. Town of Livingston (Cir. Ct. N. D. N. Y. 1883), 15 Fed. Rep. 377. Action on town bonds.—Held, no defence that a taxpayers’ action for a perpetual injunction against payment was pending in a court of the same State, and a temporary injunction had been granted. Coxe, J., said :
“ How the plaintiff here can in any way be affected by a chancery action in the State courts between different parties, it is difficult to perceive. Such a defence could not be successfully pleaded in a similar action in the State courts, although it might there be said that two actions to determine substantially the same questions were unnecessary in the same tribunal, and that one should be stayed to await the result of the other. But such considerations are not relevant here; the State and federal tribunals are entirely independent of each other,, and it will be hardly possible to produce an authority holding that the United States circuit court should close their doors to suitors because the questions which they seek to litigate are also involved in other actions between different parties in the courts of the State.
*225 14. The opinion of Lowell, J., in Lynch v. Hartford Fire Ins. Co. 17 Fed. Rep. 627, is to the effect that the jurisdictions are foreign to-each other even when the Federal court is sitting in the same State-as the State court. 13, S. P. Washburn & Moen Manufacturing Co. v. Scutt & Co., 22 Fed. Rep. 710.
15. Contra Radford v. Folsom (U. S. C. Ct. S. D. Iowa, 14 Fed.. Rep. 97).—Held, that since the jurisdiction of the United States Court cannot properly be considered as foreign in relation to the jurisdiction, of a State court within the same territorial limits, an action pending; in a State court may be pleaded in abatement of a subsequent action, commenced between the same parties in the United States court for the District embraced by such State, for the same subject-matter and the same relief. While an action pending in the courts of one State cannot be pleaded in abatement of an action commenced in the court of another State, even if there be identity of parties, of subject matter and of relief sought, the two jurisdictions being foreign to each other, the pendency of a former suit (both being at law or both in equity) between the same parties, for the same cause and the same relief, in a court of the State in which the second suit has been brought, is cause, of abatement, 8r Ct. Fed. in same State.
Contra also Bennett on lis pende)is, 419, § 381.
16. Oneida County Bk. v. Bonney, 101 N. Y. 173 ; s. c., 23 Weekly Dig. 61; 3 How. Pr. N. S. 446. Here an action was commenced in a State court upon a joint contract by service upon one of the joint contractors, and was upon his motion removed into the U. S. circuit court, and a second action was commenced in a State court upon the same contract, by service upon another of the joint contractors,—held? that the pendency of the former action was not a good ground for setting aside the summons in the second action. The court intimated that a former action in a court of the United States or of another State is no stay or bar to a suit upon the same cause of action in this State ; while a recovery in one may be pleaded to the further continuance of the other; until this is obtained both may proceed to judgment and execution, when a satisfaction of one will require a discharge of the other.
Counsel concluded that the pendency of a similar action in the. United States court is never a bar to an action in the State court. Citing Browne v. Joy, 9 Johns. 221 ; Walsh v. Durkin, 12 Id. 99; Burrows v. Miller, 5 How. 51 ; Cook v. Litchfield, 5 Sandf. 330.
17. Utica Clothes Dryer Manuf. Co. v. Otis, 37 Hun, 301. An action pending in a court of the United States against parties on a joint liability and begun by service of summons upon one of the dcLu„ *226 ants alone is not, before judgment entered or attachment levied, a bar to an action in the State court, on the same cause of action, brought by service of summons on the other defendant alone. The remedies against joint debtors by service on one are cumulative.—So held, even though the former action was commenced in the same State court as the latter, from which it had been removed to the United States court.
18. Memphis City v. Dean, 8 Wall., 64. It is not a sufficient response to a plea setting up the pendency of another action to show that the present action involves matters not involved in the other, and an additional party, if there is no necessary connection between the other suit and its subject matter and the additional matters so presented.
19. Thorne v. Towanda Tanning Co. (U. S. Cir. Ct., W.D.Penn. 1882), 15 Fed. Rep., 289.
S. P. Julian v. Pilcher, 2 Duv. (Ky.) 254.
So a suit in admiralty is not a bar to a common law-suit. Granger v. Judge of Wayne Circuit, 27 Mich. 406. Followed Murphy v. Granger, 32 Mich. 358.
20. Haire v. Baker, 5 N. Y., 357. Pendency of action for the recovery of money not a defense to a suit for a reformation of the contract.
21. Fink v. Allen, 36 N. Y. Super. Ct (J. & SI) 350, Foreclosure, in which one defendant setup a claim against the co-defendant that a lien asserted by such said co-defendant should be adjudged cancelled or reduced. Pending this foreclosure, the defendant making the claim, who asked this relief, brought a separate action for the purpose,— Field, that as the statute authorizing questions between co-defendant to be determined, did not give a co-defendant the right to compel such determination but only gave the court power if the parties consented to litigate such a question, the pendency of the former action was not available as a defense to the latter.

 By L. 1888, c. 142 ; same stat. 2 Birdseye’s Rev. St. 2173.