VAUGHAN *v.* WAYNE CIRCUIT JUDGE.

ACTION—STAY OF PROCEEDINGS—COURTS—POWERS.

  A court has general power to postpone the hearing of an action
    at law until after the hearing of a suit in chancery involv-
    ing the same matters when both causes are before it, and the
    determination of the chancery suit will conclude all of the
    parties to the action at law, while the determination of the
    law case would not bind all of the parties in the chancery
    case.

Mandamus by Jay W. Vaughan and Joseph C. Du-
mont, copartners as Vaughan & Dumont, to compel Fla-
vius L. Brooke, circuit judge of Wayne county, to set
aside an order denying a motion to advance a law case
upon the docket. Submitted May 26, 1908. (Calendar
No. 22,884.) Writ denied July 1, 1908.

*Choate & Webster* (*Leo M. Butzel*, of counsel), for
relators.

*C. K. Latham* and *W. C. Stuart*, for respondent.

HOOKER, J.   The relators were subcontractors under
Goddard, who was principal contractor, in relation to cer-
tain work upon the Ford building in Detroit. They
claim to have performed that work, and on March 19,
1907, they filed a claim of lien. On March 21, 1907, they
filed a bill to enforce said lien. The defendants in that
proceeding were Goddard, the contractor, and Ford, the
owner of the premises. Goddard answered April 30th,
Ford May 27th. Replications to these answers were filed
May 3d and June 7th, respectively. On June 7th a notice
of taking testimony in open court was filed.

On March 22d relators began an action at law against
Goddard for $39,879.01 for the same claim, and plea was

filed on May 18, 1907.  Both cases were in the Wayne circuit.

On April 10, 1908, there was a call of the chancery docket, and the lien case was called in its regular order for hearing, when relators' counsel stated that he thought that it would be impossible for Dumont, one of the complainants, to be present, and that he was a material witness.  Defendant's counsel then stated that they were ready to proceed to the hearing of the chancery case, but did not wish to force the case to a hearing until Dumont could be present, and the court then passed the case to the next call.

Four days later, Dumont having returned to the city, relators filed a motion to have the law case advanced on the docket, and set for trial before May 1, 1908.  The motion was based on an affidavit of said Dumont, stating that he was soon to go west and would not be able to return for the trial of said cause.  The presiding judge thereupon stated that, under the facts as they appeared, he was of the opinion that relators should either first try the chancery case or discontinue the same, and that he would deny the motion to advance the law case and set it for trial before May 1st.

On April 30, 1908, the law case was called in its regular order to be set for trial, and respondent refused to set the same for trial, without first dismissing or trying the chancery cause.  On May 15, 1908, relators' counsel insisted that as the case had been reached in its regular turn to be set for trial, they had a right to proceed to judgment therein, without first trying or dismissing the chancery cause, and the respondent then took the question up with all of his associates, except one who was absent, and all being of the opinion that the chancery cause should be tried first, respondent then refused to set said law case for an early date.  Thereupon the chancery cause was set for hearing by Judge Rohnert on May 19, 1908.  Afterwards a stay of proceedings was granted in that cause, pending the determination of this proceeding,

which is an application for mandamus to compel the trial court to set aside the order made by respondent, and to bring on said law case for trial forthwith.

The return shows that relators seek a personal decree against defendants, and that in the law case relators commenced garnishment proceedings and defendant Goddard gave a surety company's bond in double the amount claimed by relators to release such garnishment proceedings and pay any judgment recovered by them. Also that a judgment in the law case will not determine the controversy in the chancery proceeding.

That a judge may postpone the hearing of an action at law until after the hearing of a cause in chancery involving the same matter, has been frequently held when both causes are before him, and in many cases the same power has been exercised when the chancery cause is before another court,—a very different proposition from an order attempting to stay the proceedings pending in another court. This is a case warranting such procedure, if any case is, for the reason that every question involved in the law case is also before the court of chancery, and while the determination of the law case would not bind all of the parties in the chancery cause, all parties in both cases will be concluded as to every question decided in the chancery cause. This power is a general one and extends beyond the class of cases of which this is a sample, as will be seen from the authorities hereinafter cited. It is unnecessary to discuss its limitations, it being sufficient to say that the authority covers this case. The case of *Purington v. Frank*, 2 Iowa, 565, is a similar case to this in many respects. See, also, *Hammond v. Baker*, 3 Sandf. (N. Y.) 704; *Flanagan v. Flanagan*, 13 N. Y. St. R. 432; *Scule v. Corning*, 11 Paige Ch. (N. Y.) 412; *Burlingame v. Parce*, 12 Hun (N. Y.), 149; *Brown v. May*, 17 Abb. N. Cas. (N. Y.) 205; *Cushman v. Leland*, 93 N. Y. 652; *Den v. Matlack*, 17 N. J. Law, 354; *Hutchins v. Riddle*, 12 N. H. 464; *Adams v. Manning*, 17 Mass. 179, 180; *Parmalee v. Wheeler*, 32 Wis. 429; *Jones v. Pritchard*,

6 D. & L. Pr. Cas. 529; *Carne* v. *Legh*, 6 B. & C. 124.

See *Joslin* v. *Millspaugh*, 27 Mich. 517, which recognized the doctrine of election of remedies; *McGunn* v. *Hanlin*, 29 Mich. 476, 479.

The writ is denied.

MONTGOMERY, OSTRANDER, MOORE, and McALVAY, JJ., concurred.