F. M. SIBLEY LUMBER CO. *v.* WAYNE CIRCUIT JUDGE.

1. Mechanics' Liens—Action at Law Maintainable Although Suit to Foreclose Lien Pending.

Since a common-law action to recover a personal judgment and an equitable proceeding to enforce a lien are concurrent remedies, a materialman who brought a suit to foreclose a mechanic's lien was not thereby deprived of the right to maintain a common-law action, accompanied by garnishment proceedings.

2. Action—Action at Law Properly Postponed Pending Disposal of Suit to Foreclose Mechanic's Lien.

Where a materialman brought a common-law action, accompanied by garnishment proceedings, while a suit to foreclose a mechanic's lien was pending, the trial judge, in

the orderly administration of the law, properly postponed the trial of the law case until after the chancery case was disposed of.

**3. COSTS—UNNECESSARY LITIGATION—MANDAMUS.**

Costs of mandamus proceedings to enforce a materialman's right to maintain a common-law action, accompanied by garnishment proceedings, while a suit to foreclose a mechanic's lien is pending is denied by the Supreme Court, where the record shows that the action at law was unnecessary, because the property was worth many times the legal claims against it, although the court upholds the right to maintain the action.

Mandamus by the F. M. Sibley Lumber Company to compel Alfred J. Murphy, circuit judge of Wayne county, to vacate an order enjoining an action at law. Submitted June 12, 1928.        (Calendar No. 33,567.) Writ granted July 24, 1928.

*S. Homer Ferguson,* for plaintiff.

*Frederick P. Hempel,* for defendant.

FELLOWS, J. ·  Dickinson Land Company agreed to build for Kate Weiss a two-family flat for $13,500, a part of that sum to be made up of an equity in a land contract and the balance in cash.    She has paid $8,000 in cash.    Plaintiff lumber company furnished some of the material and has filed a claim of lien for the sum of $3,523.48.    Kate Weiss claims the house did not comply with the contract.    September 16, 1925, the lumber company filed its bill to foreclose its lien; it made the Dickinson Land Company, Kate Weiss, and others defendants.    Kate Weiss filed a cross-bill setting up the breach of the contract and claimed damages.    May 9, 1927, Dickinson Land Company assigned its claim against Kate Weiss to plaintiff lumber company, and on September 29th it brought a common-law action against Kate Weiss, accompanied

by garnishment proceedings. Defendant circuit judge by an order deferred the trial of the law ·case until after the chancery case was disposed of, and by another order, made in the chancery case, by mandatory injunction directed the dismissal of the garnishee proceedings.

The trial judge was unquestionably right in deferring the trial of the law case until after the chancery case was disposed of. *Vaughan* v. *Wayne Circuit Judge,* 153 Mich. 478. The right to maintain a common-law action with its incidents when a chancery proceeding is pending for the foreclosure of a lien is a question not so easily disposed of. 18 R. C. L. p. 980, thus states the rule:

"Cumulative Remedy. A mechanic's lien is separate and distinct from the debt on which the lien is based, and, while it is recognized that the lienor cannot have more than one satisfaction for the debt due him, the weight of authority is that the lienor may proceed to enforce his lien and simultaneously bring an action to recover a personal judgment for the amount due. The enforcement of the lien is a cumulative remedy provided by statute, and an incidental accompaniment of the contract, which may be pursued in connection with ordinary remedies. Consequently, according to the weight of authority, the recovery of a judgment against the debtor in a suit at law does not waive the right to a lien, nor bar an equitable action to enforce the same. And the institution of an attachment suit and levy of the writ to secure a demand for which a mechanic's lien is held does not waive the lien, particularly if the suit is dismissed and the attachment realizes nothing. This is true although the levy is made on the identical property covered by the lien."

And Corpus Juris thus states it (40 C. J. p. 367):

"The lien given by the statute to mechanics and materialmen is but a cumulative remedy to enforce their respective contracts, and independently of the lien such parties may resort to the ordinary common-law remedies to enforce their contracts, as by action

to recover personal judgment, the statutes sometimes expressly so providing. The two remedies may be pursued simultaneously, although there can be but one satisfaction, and often they may be pursued in the same action."

I think that at first blush we would be quite apt to say that this rule is incongruous with the doctrine of election of remedies. But an examination of our own cases and those from other States is satisfying that this court and courts generally sustain the rule. In some of the cases it is pointed out that one is a proceeding *in rem,* the other *in personam.* This court has not taken the view that section 22 of the lien law (3 Comp. Laws 1915, § 14817) was intended to give concurrent remedies, but has recognized that concurrent remedies do nevertheless exist, and that pursuit of one does not bar the pursuit of the other. In *Cady v. Fair Plain Literary Ass'n,* 135 Mich. 295, one Armstrong was the principal contractor; two of his sons worked on the job and filed lien claims; plaintiff as assignee of these three, which were all the claims, brought suit at law. The record in that case discloses that, before the case went to the jury, plaintiff discharged the liens of the sons and recovered only the amount due the principal contractor. It was pointed out that the claims of the sons could only be enforced in equity and it was said:

"Plaintiff's right to recover at law the balance due on the contract rests upon the assignment of the principal contractor, Robert Armstrong. As such assignee, plaintiff could not recover if the lien claims were outstanding, owned by third persons. But we cannot see how those claims constituted any objection to his recovery after plaintiff acquired their ownership. He owned the balance due, and all liens against it. A payment to him of the balance could have been safely made, and would have discharged the obligation of the defendant to the original contractor and to the lien claimants. We think the objections to a recovery in a suit at law are without force."

In *Warner Elevator Manfg. Co.* v. *Building & Loan Ass'n,* 127 Mich. 323 (89 Am. St. Rep. 473), the plaintiff had installed an elevator in the building, claimed a lien on the premises, and filed a bill for its enforcement. This, of course, was upon the theory that its property had been used to enhance the value of the building and that title had passed. Notwithstanding this, he was permitted to maintain an action at law in trover for the conversion of the elevator, the court holding (quoting from the syllabus) :

"The retention of title on a sale of chattels until payment of the purchase price is not inconsistent with the right of the seller to a mechanic's lien against the property to which the chattels are attached."

In *Kirkwood* v. *Hoxie,* 95 Mich. 62, 66 (35 Am. St. Rep. 549), it was said by Chief Justice HOOKER, speaking for the court: ·

"We may next inquire whether the defendants have waived their lien by taking this personal judgment. A lien once established, the burden is upon the owner of the estate charged to show its relinquishment, and, while this may be inferred from circumstances, it may also be rebutted. It is said by at least one author that 'the question of waiver is always one of intention.' Adams, Eq., 128, 129. If so, it is necessarily one of fact. *Cordova* v. *Hood,* 17 Wall. (U. S.) 1, 9; *Coit* v. *Fougera,* 36 Barb. (N. Y.) 195. In this case there is nothing to show such intention. True, a personal judgment was taken, but it was accompanied by acts which clearly show an intention to preserve, rather than to relinquish, the lien; and no effort has been made to collect the judgment by the ordinary process of the court. It cannot be successfully contended that the taking of the judgment, alone, would have such effect. Many cases hold that the substitution of one form of personal liability for another leaves the lien unaffected."

This case has been frequently cited by this and other courts. It was recently cited by the supreme court

of Minnesota in *Kinzel* v. *Joslyn*, 158 Minn. 194 (197 N. W. 217), to this effect:

"A personal action to recover the amount of the debt and a proceeding to enforce the lien may be maintained simultaneously, nor is the lien waived by bringing a personal action on the claim and the recovery of judgment therein."

The following Michigan cases also sustain the rule: *Granger* v. *Wayne Circuit Judge*, 27 Mich. 406 (15 Am. Rep. 195); *Goodrich* v. *White*, 39 Mich. 489; *Murphy* v. *Granger*, 32 Mich. 358; *Peninsular Electric Co.* v. *Norris*, 100 Mich. 496; *McLaughlin* v. *Austin*, 104 Mich. 489. An examination of the decisions of other States discloses a unanimity of holdings sustaining the rule. A number of these cases are collected and cited in *Erickson* v. *Russ*, 21 N. D. 208 (129 N. W. 1025, 32 L. R. A. [N. S.] 1072). See, also, note 3 Ann. Cas. 1100.

If a common-law action to recover a personal judgment and an equitable proceeding to foreclose the lien are concurrent remedies, and the authorities so hold, it is difficult to perceive how, in the pursuit of the common-law remedy, the plaintiff may be deprived of such incidental and ancillary proceedings as the practice of the State permits. At least five States have held that the plaintiff may proceed by attachment: *Hunt* v. *Darling*, 26 R. I. 480 (59 Atl. 398, 69 L. R. A. 497, 3 Ann. Cas. 1098); *Angier* v. *Distilling Co.*, 178 Mass. 163 (59 N. E. 630); *Salt Lake Lithographing Co.* v. *Smelting Co.*, 15 Utah, 440 (49 Pac. 768, 62 Am. St. Rep. 944); *Brennan* v. *Swasey*, 16 Cal. 140 (76 Am. Dec. 507); *West* v. *Flemming*, 18 Ill. 248 (68 Am. Dec. 539). Our attention has been called to no case holding the contrary, and we have found none in the time at our disposal. We think the plaintiff had the clear legal right to institute and maintain the garnishment proceedings, and that the trial judge,

in the orderly administration of the law, properly postponed the trial of it until after the chancery case is heard and disposed of.

While the plaintiff had a legal right to institute and maintain the garnishment proceedings, it was wholly unnecessary on this record to bring them. Everyone could have gone into the chancery case and had their rights determined and their equities adjusted. The property is worth many times any lawful claims against it. We will enforce plaintiff's legal right, but in the exercise of a fair judicial discretion which should aim to discourage instead of encourage unnecessary litigation, we will deny it costs of this proceeding. *Detroit Independent Oil Co.* v. *Miller*, 235 Mich. 191.

If necessary the writ will issue in accordance with this opinion.

FEAD, C. J., and NORTH, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.