*In re* NESBITT'S ESTATE.

APPEAL OF DEMERCY.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—WITNESSES.

In proceeding by administratrix of estate of person who furnished labor and material for construction of a house, owned by husband and wife as tenants by the entireties, against estate of husband, question of propriety of admission, over defendant's objection, of testimony of employees of plaintiff's decedent, is not passed upon, where not questioned by either party on appeal (3 Comp. Laws 1929, § 14219).

2. ELECTION OF REMEDIES—MECHANICS' LIENS—ACTION AT LAW—ESTOPPEL.

Person who furnished material and labor for construction of a house, owned by husband and wife as tenants by entireties, and made unsuccessful attempt to enforce a mechanic's lien therefor as subcontractor after death of husband at whose instance they were furnished *held*, not estopped to present claim against husband's estate.

Appeal from Wayne; Parker (James S.), J., presiding. Submitted January 29, 1937. (Docket No. 136, Calendar No. 39,402.) Decided April 29, 1937.

Pharailde DeMercy, administratrix of the estate of Leopold DeMercy, deceased, presented a claim against the estate of William J. Nesbitt, deceased. Disallowed by commissioners on claims. Plaintiff appealed to circuit court. Directed verdict and judgment for defendant. Plaintiff appeals. Reversed and new trial granted.

*George F. Curran,* for plaintiff.

*Herman A. August* and *Vincent F. McAuliffe,* for defendant.

BUSHNELL, J. This appeal is submitted upon an agreed statement of facts as provided in Court Rule No. 66, § 10 (1933).

The claim of plaintiff is that Leopold DeMercy, doing business as Gladwin Plumbing Company, during his lifetime furnished material and labor for the erection of a dwelling house for Dr. William J. Nesbitt, also now deceased; that Dr. Nesbitt agreed to pay for the same and there now remains due and unpaid a balance of $2,950 on a total charge of $3,500, $550 having been paid by Dr. Nesbitt in his lifetime.

This claim was disallowed by the commissioners on claims in the Nesbitt estate. On appeal to the circuit court, the jury was directed to return a verdict of no cause of action because, in the opinion of the trial judge, claimant was estopped by the previous acts of DeMercy as disclosed by the files and records in a certain mechanic's lien foreclosure case. In that matter, DeMercy's cross-bill alleged a contract between himself and Bevier Building Company and the records show the filing of a mechanic's lien by DeMercy in the sum stated. The lien foreclosure was dismissed by the chancery court because Mrs. Nesbitt, the wife of Dr. Nesbitt, had not signed the

building contract.   The Bevier-DeMercy contract was said to have been made on or about September 1, 1929, the material and labor being furnished by De-Mercy between September 10, 1929, and January 22, 1930.

The agreed statement of facts shows that employees of DeMercy testified "over the objection of counsel that their testimony was inadmissible as being equally within the knowledge of the deceased,* that upon the day they were to start work on this building nothing was done until Dr. Nesbitt arrived, at which time there is alleged to have taken place a conversation between Leopold DeMercy and Dr. William J. Nesbitt which is substantially as follows: 'Leopold DeMercy informed Dr. Nesbitt that he had decided not to go ahead with the work because the Bevier Building Company was not reliable or responsible.  Dr. Nesbitt then asked Leopold DeMercy if he would go ahead with the contract if he, Dr. Nesbitt, would pay him.  Leopold DeMercy then agreed to proceed, and Dr. Nesbitt said, "To hell with the building company.  Go ahead and do the work and I will pay you." '  The last witness for the claimant was H. B. Zirkalose, an attorney, who testified, over the objection of counsel that his testimony was inadmissible as being matter equally within the knowledge of the deceased,* that he had for some time represented Leopold DeMercy and did work for him in connection with the contract between the Bevier Building Company and Dr. Nesbitt for the erection of the latter's home.  He then stated that while the work was in progress and on a number of occasions thereafter, he talked to Dr. Nesbitt with reference to payments to Leopold DeMercy for his

---

* See 3 Comp. Laws 1929, § 14219.—REPORTER.

work, and that the doctor had promised to forward the payments, and on one or two occasions had offered to give Mr. DeMercy a number of vacant lots which Mr. DeMercy refused to accept. He also testified that soon after the dismissal of the suit hereinafter referred to, Dr. Nesbitt again agreed to pay to Leopold DeMercy the balance due him, and again offered lots in part payment, which were refused by Mr. DeMercy.''

The question of propriety of the admission of this testimony is not questioned by either party on appeal and we do not pass upon that phase of the matter.

Appellant says that the court was in error in directing a verdict of no cause of action on the sole ground that appellant had elected his remedy by filing an answer and cross-bill in a lien action which was subsequently dismissed, citing *McLaughlin* v. *Austin,* 104 Mich. 489, and *F. M. Sibley Lumber Co.* v. *Wayne Circuit Judge,* 243 Mich. 483, as controlling.

Appellee argues that these authorities may be distinguished on the facts from the instant case and that the principles of law stated in 10 R. C. L. pp. 689, 699, on estoppel, and the reasoning of *Thompson* v. *Howard,* 31 Mich. 309, supports the action of the trial court.

Appellee's claim of estoppel cannot be sustained. Under a like set of facts a claim of estoppel by the property owner was denied by this court in *Haak* v. *Kellogg,* 146 Mich. 541. While it does not fully appear from the opinion in the *Haak Case,* reference to the record and briefs in that appeal discloses that Haak, a material man, in his sworn claim of a mechanic's lien asserted that the materials used in defendants' building were sold by Haak to a third par-

ty contractor. Later Haak sued Kellogg and Rainbow, the owners, claiming the materials were sold to them instead of to the contractor. The trial court directed a verdict against Haak. On the appeal affirmance was sought by the defendants on the ground that by first having claimed a mechanic's lien on the theory that the materials were sold to the contractor, plaintiff Haak was estopped from recovering in the subsequent suit at law on the claim that the materials were sold to the defendants, the owners of the building. This defense of estoppel was denied and the case was remanded for a new trial.

The trial court was in error in directing a verdict on the grounds stated. The judgment is vacated and the cause remanded for a new trial. Costs to appellant.

FEAD, C. J., and NORTH, WIEST, BUTZEL, SHARPE, POTTER, and CHANDLER, JJ., concurred.